### O. W. STEFFENS ET AL. V. I. N. JACKSON.

Delivered May 8, 1897.

**1. Judicial Sale—Insufficient Advertisement.**

An execution sale of land for only 1 per cent of its value will be set aside where the sale was advertised only in a two-sheet, three-column paper, 9x12 inches in size, whose circulation was less than 300, and did not extend at all to the place where the execution defendant resided, and he did not know of the levy until half an hour before the sale, and at once telegraphed the sheriff not to sell, and tendered the full amount of the judgment on the same day, which was refused, but was paid in full a few weeks later.

**2. Charge of Court—Harmless Error.**

In an action to set aside a sheriff's sale of land, a charge that if there was any such irregularity by plaintiff or his agents or attorneys, "or any other person," as tended to affect the price, it would invalidate the sale, although too broad, is not ground for reversal, where no conclusion could have been reached under the evidence other than that the sale should be set aside for want of sufficient advertisement and for inadequacy of price.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*D. G. Hill* and *J. M. Wagstaff*, for appellants.

No brief for appellee reached the Reporter.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Jackson to set aside a sheriff's sale of a forty acres tract of land lying in the suburbs of the city of Abilene, which at the time of the sale, September 6, 1894, was worth $1000. It sold for $10.25, and was bought in by O. W. Steffens, who was president of the First National Bank of Abilene, plaintiff in the execution. Steffens, a few days after he bought it, conveyed the land to Radford, a director in the bank, who executed to him his negotiable promissory note for $75 for the land. The note is long past due and is still held by Steffens, because, as he testified, he did not know how this suit would go, and he had given Radford a general warranty deed for the land.

There was a mortgage on record against the land and some other tracts, but Steffens and one Massie had given a bond to Hadley, who bought this tract from Massie to secure it from sale under the mortgage, and this bond was transferred by Hadley to Jackson along with the conveyance to the land, which was a general warranty deed. Jackson's title was good

and clear, except as to the mortgage, and the above bond secured him from loss on account of that.

The execution was issued and levied on the land at Abilene, in Taylor County, on Saturday, January 13, 1894. Jackson resided at Baird, in Callahan County. The sheriff's sale was advertised in a little weekly paper published by Neeley at Abilene on every Saturday, known as the Abilene Weekly Gossip. Neeley says of it that "it was a two-sheet, three-column paper, of about 9x12 inches in size, and its circulation was about 250 to 300, confined mostly to Abilene." It did not circulate in Baird. There were four newspapers published at Abilene, but they had all been issued for that week, so that the Gossip was the only paper in which the advertisement could be made for twenty days before the first Tuesday in February, the day on which the sale had to be made, if made in February. The sheriff discussed the matter of inserting the advertisement in this paper with the attorney for the plaintiff in the execution, who was also attorney for Steffens, and they decided to so insert it. It had published only one notice of sheriff's sale prior to this one.

Jackson did not know of this levy on his land until about 1 o'clock p. m. of the day of sale, and at once telegraphed the sheriff not to sell, and had his bank at Baird to arrange with a bank at Abilene to pay off the execution in full, and on that afternoon the full amount of the judgment, interest and costs, was tendered to the sheriff, $525, and was refused. He had then made the sale and Steffens had paid him the $10.25, but he had not acknowledged or delivered the deed. Steffens' money paid the sheriff was tendered to him in plaintiff's petition, and the balance of the judgment, interest and costs, was on that afternoon paid to the bank, the plaintiff in the judgment.

The day before this levy was made Jackson wrote the bank's attorney a letter, claiming that by reason of failing to levy on the principal's property, he, Jackson, surety in the judgment, had been released; and this letter was shown to Steffens on the morning of the sale, and Steffens directed the bank's attorney, by reason thereof, not to bid much on the land.

The bond given by Steffens and Massie to secure the land against the recorded mortgage was not recorded, and it does not appear that any notice was given of this bond at the sale.

The price, $10.25, for which the land sold was grossly inadequate, and we conclude from all the facts that by reason of the advertisement of the sale in the Gossip the land was sacrificed, and that Jackson was thus kept in ignorance of the fact of the levy on his land and proposed sale, or at all events such advertisement was calculated to have such effect, and to be followed by such consequences; and this both the sheriff and the bank and its officers well knew, or ought to have known.

The sale was made at about 1:30 p. m., the usual hour for such sales.

Appellants have fourteen assignments of error, all of which we overrule, and consider it necessary to notice in this opinion only one, the thirteenth, which complains of the following charge of the court: "A

levy and sale so made by the officer will confer upon purchaser good title, provided there has been no irregularity, fraud or artful practice by the plaintiff in execution or by his agents or attorneys or any other person to affect the fairness of such sale or the price for which sold. If there has in fact been any such irregularity, etc., by plaintiff or by his agents or attorneys or any other person, as affects or tends to affect the sale or price, it will invalidate the sale as to all parties," etc. The proposition is that this charge is too broad, in that it makes the sale invalid for acts done by *"any other person"* than those having control of the execution; that it would even embrace the defendant.

We think the charge was made too broad by the. use of the words *"any other person,"* but as only one conclusion could have been reached by the jury under the evidence, and that one in favor of setting aside this sale and canceling these deeds to Steffens and Radford, by reason of the insufficient advertisement of the sale, in connection with the other circumstances hereinafter referred to, we consider this error harmless. The very fact that Steffens insists upon holding this land under a sale at such an unconscionable price, after knowing that Jackson never learned that his land was advertised for sale until half an hour before the sale, and that he was then in a distant county, and after having his money tendered him, as well as the debt to his bank paid in full, within a few hours after the sale, before the sheriff had even acknowledged and delivered the deed, ought to be sufficient in any court of equity to set it aside, when the purchaser only paid 1 per cent of its value; and Radford's connection with the transaction and position in the case are no better than Steffens'. Martin v. Anderson, 4 Texas Civ. App., 117.

We order that the judgment be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING AND TO CORRECT CONCLUSIONS OF FACT, AND TO FIND OTHER CONCLUSIONS.

#### June 26, 1897.

HUNTER, ASSOCIATE JUSTICE.—We were in error in finding that the debt due to the bank was paid in full on the same afternoon in which the sale was made. The full amount was tendered then to the sheriff, as found by us, but the judgment was not paid in full until a month or six weeks afterwards, and after other lands of Jackson had been levied on by virtue of said judgment.

Also, our attention is called to a clerical error in the first part of the opinion. We speak of the sale as having been made on "September 6, 1894," when it ought to have been February 6, 1894.

We are unable to find from the evidence that Radford had no actual notice of the irregularities in the sale, or that a bond had been given to secure the land from sale under the mortgage. The evidence indicates to us that the transfer of the land from Steffens to Radford was fictitious, and not a bona fide sale, and that Radford knew this, and knew he would

never have to pay the $75 note given Steffens for the land, if Jackson won this suit and canceled the deed to Steffens.

These are all the facts we consider material, called for by appellant in his motion for additional findings, and we therefore, with these corrections and additions, overrule said motion, and also his motion for rehearing.

*Rehearing denied.*

Writ of error refused.