**SAYLORS et al. v. WOOD et al.**

No. 3712.

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

Landman & Landman, of Athens, for appellants.

W. D. Justice and R. H. Sigler, both of Athens, for appellees.

WALTHALL, Justice.

This suit is brought in trespass to try title to a tract of land in Henderson County, Texas, consisting of 103.90 acres, a part of the J. M. Eakin Survey, and fully described in the petition by metes and bounds; the land involved in the suit being

further represented as the land conveyed by the First State Bank of Murchison, Texas, to A. J. Saylors in 1925. The suit was brought by Anna B. Wood, a feme sole, Howard F. Wood and Charlton B. Wood, individually and as independent executors of the estate of J. F. Wood, deceased, as plaintiffs, against Mrs. Maud Saylors, a feme sole, individually and as community survivor of the estate of herself and her deceased husband, A. J. Saylors, Beatrice Saylors Praytor and husband, M. B. Praytor, Jackie D. Saylors, a feme sole, Goldie Saylors Barton and husband, Bryan Barton, as defendants.

Defendants Goldie Saylors Barton and husband filed a disclaimer and were dismissed as parties in the suit.

Mrs. Maud Saylors in her individual capacity, and as community survivor of the community estate of herself and her deceased husband, A. J. Saylors, and as next friend of her minor daughter, Jackie D. Saylors, Beatrice Saylors Praytor, joined by her husband, M. B. Praytor, filed an amended original answer in the suit, and for answer plead: First, not guilty; second, in the alternative that they are the owners of five-sixths of all the mineral rights in and under the lands in controversy; that they have not in any way or manner parted with the title to the same; that plaintiffs claim title to the land in controversy under a sheriff's deed dated January 2, 1934, and filed for record on April 28, 1937, and stating the place of record; that said deed be cancelled and set aside for the following reasons: (1) The said deed is not supported by a valid order of sale in that the order of sale does not contain any sheriff's return (on the order of sale), except that it shows that the order of sale was dated December 5, 1933, and on the sheriff's return it shows that the order of sale came to hand on December 5, 1933; that the order of sale was issued by the District Clerk of Henderson County, Texas, and is now in the custody of said Clerk without any return of any nature on same; (2) that there is no affidavit of the publisher of any newspaper that the order of sale (meaning, we assume, the time and place of sale under the order of sale) was published as required by law; (3) the order of sale shows on its face that the mineral rights of defendants were not covered by the same.

Further pleading in the alternative, defendants say that the consideration in said sheriff's deed and actually paid to the sheriff on the sale is the grossly inadequate sum of $50 for the said lands and premises; that at the time of the sale the fair and reasonable market value of the surface rights, the oil and gas rights, lease and royalty value, was of the reasonable and aggregate value of $3,370.20.

For reasons stated defendants say the sheriff's conveyance of the lands is void.

Further pleading in the alternative, defendants say that on June 16, 1933, in cause No. 2022, J. F. Woods v. Maud Saylors et al., it was decreed by the Court that the amount of indebtedness due plaintiffs was $818.12, and that same should bear interest at the rate of ten percent per annum from that date. Defendants say that the indebtedness covered the surface value of the land, the improvements thereon, one sixth of the mineral rights; that they are ready, willing and able to pay said indebtedness to plaintiffs, and that with the approval of the court they tender said sum in full satisfaction of any rights plaintiffs may have in the premises.

The Court heard the evidence and submitted the case to the jury on special issues.

At the close of the evidence defendants moved the Court for an instructed verdict. The motion was overruled. On issues submitted the jury found:

1. The land in question was not sold at sheriff's sale for a grossly inadequate consideration.

No. 2 was submitted conditionally and was not answered.

3. The officers executing the order of sale in question did not fail to publish a notice of the sale (of the premises in question) to be held on January 2, 1934, in a newspaper of general circulation in Henderson County, Texas.

On the verdict as rendered the Court entered judgment in favor of plaintiffs and against all defendants in the capacity in which they were sued for the land as described in plaintiffs' petition. The Court overruled defendants' motion for a new trial, and defendants appeal.

## Opinion

The pertinent facts gathered from the record in this case, and which we think to state here, are substantially as follows:

By agreement of the parties the common source of title to the properties in-

volved in this suit is the First State Bank of Murchison, Texas, Henderson County. On October 25, 1924, E. A. Taylor and wife conveyed the 103.90 acres of land involved here to the First State Bank of Murchison, Texas, for the consideration stated, paid and secured to be paid; in the conveyance the grantee Bank assumed, as a part of the consideration, the payment of $886.50 held by the Farm Loan Bank of Houston, Texas, against the land conveyed; the grantee Bank also assumed, as a part of the consideration, the payment of two second lien notes against the land conveyed held by A. B. Watkins, each in the sum of $100; a vendor's lien is retained and expressed in the conveyance.

On October 16, 1925, the First State Bank of Murchison, Texas, by its cashier, A. C. Asher, for the expressed consideration of $2600, paid as follows: $100 paid and eight vendor's lien notes, each for $212.50, bearing eight percent interest per annum, the due dates of the notes stated, the last note in the series falling due on October 15, 1933, conveyed the property in controversy to A. J. Saylors, the purchaser assuming the payment of $875 of the amount held by the Farm Loan Bank of Houston.

On September 21, 1927, the First State Bank of Murchison, Texas, assigned to J. F. Wood the lien expressed in the above series of eight notes and the eight notes. All of the conveyances were duly placed of record.

The probate proceedings upon the estate of A. J. Saylors, including the application of Maud Saylors to be appointed community survivor; also the death of A. J. Saylors and the names of his heirs surviving him, are shown in the record; the estate is shown to be community, and that A. J. Saylors died intestate as to said estate in Henderson County, and that the estate is situated in Henderson County. The record shows the appointment of appraisers of the Saylors' estate, their qualification and action in returning an inventory thereof and its approval.

The record shows the suit of J. F. Wood v. Maud Saylors et al., No. 2022, filed May 30, 1933. The suit was brought on three of the series of eight notes described above; a vendor's lien on the 103.90 acres of land and otherwise fully described is asserted. The case went to trial on June 16, 1933, and judgment was rendered there-

in. The judgment rendered recites that the defendants named were duly cited but wholly made default; that defendant Mrs. Maud Saylors, for herself individually and as community survivor of the community estate of herself and her deceased husband, A. J. Saylors, failed to appear and answer, a jury was waived, the evidence was heard, the court made findings at length on the evidence heard, and entered judgment in favor of plaintiff J. F. Wood and against the defendants named, including Mrs. Maud Saylors, individually and as community survivor of the community estate of herself and her deceased husband, A. J. Saylors, in the sum of $818.18, with interest stated and costs, with foreclosure of the lien as it existed on October 15, 1925, upon the land, and ordered the issuance of an order of sale and a sale of the land in payment of the judgment. The order of sale was issued on December 5, 1933, and sale made thereunder by a deputy sheriff of Henderson County, on January 2, 1934, to J. F. Wood for the sum of $50.

No return on the order of sale was made by the sheriff or his deputy. On the trial of the present suit, on motion of the plaintiff (appellee), and on proof of such sale and the circumstances attending, the sheriff was directed by the court to make return on the order of sale, and the clerk of the court made an entry of such return.

To save much record testimony, it was stipulated by the parties that J. F. Wood is now deceased, that he made a will naming the plaintiffs bringing this suit as his beneficiaries and that said parties plaintiff are his heirs and his only heirs at law.

Appellants' first three propositions complain of the overruling of their motion for a postponement to a later day in the term or continuance of the case. The term of the court at which the case was tried began on the 7th day of June, 1937, and ended on July 10, 1937.

We do not find in the record when the citation was issued or served, but in defendants' motion for continuance it is stated the citation was issued on May 26, 1937; we find no statement when it was served.

Appellants filed an original answer, but the date of filing is not shown; appellants' amended original answer, on which the case was tried, apparently was filed on June 14, 1937. From the judgment rendered it appears that the case "came on to be heard" on June 17, 1937.

The motion for continuance, for sufficient reasons stated, is not in the record, but is fully stated in an approved bill of exception. As grounds for continuance it is stated that appellants are not ready for trial at that time for reasons: Appellants are represented by attorneys Landman & Landman; that appellants first discussed the case with their attorney on Monday of that week (apparently on June 7th or 17th) at which time they filed amended answer; that since that time opposing counsel have prepared a response not yet filed and which counsel had not seen; that counsel are attorneys in two other cases set for trial on the next day, and it is necessary that in both cases preparation for trial be made; statement is made as to the issues in cases to be tried, not necessary to be stated, including divisions of interests in the property involved made by appellants; the motion refers to the former suit, states the several amounts paid by appellants and the unpaid balance due, which appellants in the motion offer to pay, "and tender to plaintiffs the amount of money due on said notes, upon condition that the court protect these defendants as to any rights of their co-defendant, Goldie Barton and her husband, and should these defendants be required to pay the amount of the debt, which they are willing to do, that the court pass title to the one-sixth mineral interest and also the surface rights to the land in these defendants." The motion states that the former suit (referred to above) foreclosed a lien which did not exist, and appellants desired time to directly attack the judgment; the application is not made for delay only but that justice may be done; they do not desire a continuance, but that the case may be reset "so that they can prepare to directly attack the judgment which has been hereinbefore mentioned;" that during the first week of the term "one of counsel was busy in the trial of a case in this court," and one was sick and under advice of a physician cannot now work. The motion was verified.

The motion was overruled and the case proceeded to trial.

We have concluded that sufficient cause for a continuance as a matter of law is not shown, and we cannot say that the court abused his discretion in overruling the motion. We will later discuss the tender of payment made in the answer, as it is there more properly made.

The evidence sufficiently shows that the publication of the notice of the proposed sale of the land under the order of sale was made in a newspaper published in Henderson County; the jury also so found. The law does not require the newspaper have a general circulation in the locality where the land is situated.

Appellants submit that the land sold for a grossly inadequate consideration. The jury found to the contrary, "considering the indebtedness against the place." The indebtedness against the place at the time of the sale was $818.12, the $50 for which the place sold, $33.95 court costs, $16 sheriff's fee for making the sale, added, making approximately $927.07 of indebtedness against the place.

The record shows that in the purchase of the land A. J. Saylors assumed to pay $750 of indebtedness against the land held by the Farm Loan Bank of Houston. Appellants say in their brief that the value of the land was at least $1800 over and above the debt to the Land Bank. We assume that the debt to the Land Bank had not been paid. We have not found in the mass of evidence in the record where it was paid. We do not think we would be justified in holding contrary to the jury's finding, that the land sold for a grossly inadequate consideration.

The divisions of the land and mineral interests made by appellants were all made subsequent to the execution of the notes sued upon, and subsequent to the sale of the land under the order of sale. We need not refer to the divisions made, since they do not affect the title to the land conveyed by the sheriff's deed.

The failure of the deputy sheriff to make a return of the order of sale does not affect the title of the purchaser of the land since his title does not depend on the return of the order of sale. 18 Texas Jur. p. 754, and the many cases referred to in the notes. It is held by the Commission of Appeals in Houston Oil Co. v. Randolph, 251 S.W. 794, 28 A.L.R. 926, that an entire failure to make a return does not affect a sale.

As stated above, defendants in their answer pleaded that they were ready, willing and able to pay off and satisfy the indebtedness found by the District Court who tried the case, and that they now tender said sum in full satisfaction of any rights which the plaintiffs may have, and

pray that the court hear proof and upon payment of said sum they go hence without day. We do not find in the record the facts which make applicable the privilege claimed. The question is fully discussed and the law stated in Moore v. Miller et al., 155 S.W. 573, by Judge Fly, of the San Antonio Court of Civil Appeals, and a writ of error denied. The Court said [page 576]: "Appellees tendered into court a sufficient sum to pay off the judgment of the justice's court, interest, and cost; and it has been held that where inadequacy of price stands alone, and the defendant makes a prompt offer to pay off the indebtedness, equity will set aside the sale. Martin v. Anderson, 4 Tex.Civ.App. 111, 23 S.W. 290; Steffens v. Jackson, 16 Tex. Civ.App. 280, 41 S.W. 520."

We have considered all of appellants propositions and they are overruled.

The case is affirmed.