MRS. MAUD SAYLORS ET AL V. ANNA B. WOOD ET AL.

No. 7513. Decided May 22, 1940.
Rehearing overruled September 25, 1940.
(140 S. W., 2d Series, 164.)

268

*Landman & Landman,* of Athens, for plaintiffs in error.

A notice of sale of land under foreclosure proceedings must be mailed to the proper address of the owners of the land sought to be sold, and if the evidence shows that the notice of sale was mailed to some other address and not to the address of the owners it then becomes the duty of the trial court to grant an instructed verdict in favor of the owners, and cancel the sheriff's deed so that the property may be sold again if such sale is necessary in order to collect the judgment or take deed to the land under foreclosure sale. Dodson v. Langford, 26 S. W. (2d) 924; Moore v. Miller, 155 S. W. 573; Houston Oil Co. v. Davis, 132 S. W. 808.

*Justice & Justice,* and *R. Homer Moore,* all of Athens, for defendants in error.

The jury having found that the land did not sell for an adequate price, then the question of whether or not notice of sale was mailed to the defendants became wholly immaterial, and the court did not err in overruling the motion for judgment made by the appellants and in granting judgment to the appellees. Jackson v. O'Conner, 96 S. W. (2d) 803; Morris v. Hastings, 7 S. W. 649; Sharbar v. Florence, 108 S. W. (2d) 942.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a trespass to try title case, to try title to a part of the J. M. Eakin Survey in Henderson County. Upon conclusion of the evidence defendants in the trial court, Maud Saylors and others, filed a motion for an instructed verdict. The motion was denied and the cause was submitted to the jury upon the following issues:

### Issue No. 1.

"Do you find * * *. that the land in question was sold at sheriff's sale for a grossly inadequate consideration * * *?"

### Issue No. 2.

"Do you find * * * that the officer executing the order of sale failed to give notice to Mrs. Maud Saylors that said lands would be sold under order of sale * * *?"

### Issue No. 3.

"Do you find * * * that the officer executing the order of sale * * * failed to publish a notice of the sale * * * in a newspaper of general circulation in Henderson County, Texas?"

No objections to the charge were filed by either the de-defendants or the plaintiffs, nor was the submission of a special issue requested.

The answer by the jury to the first issue reads: "We think it (the land) sold for a fair price considering the indebtedness against the place."

The second issue was not answered, the court having instructed the jury to answer it only in the event it answered issue No. 1 in the affirmative. The third issue was answered in the negative.

The verdict was received by the court without objection. Defendants filed a motion for judgment notwithstanding the verdict. The court denied the motion and judgment was rendered in favor of plaintiffs, which was affirmed by the Court of Civil Appeals. 120 S. W. (2d) 835. Reference is made to the opinion of the court for a fuller statement of the nature of the case.

The general ground alleged in the motion non obstante as to why it should have been granted is that defendants' motion for an instructed verdict should have been granted. This general ground is predicated on three reasons which are set out at length in the motion.

■ The first is, briefly stated, that the testimony is to the effect that the land had a value of "Eighteen Hundred Dollars to Twenty-six Hundred Dollars over and above the Federal Land Bank debt (the bank was not a party to the suit) of between Seven Hundred and Eight Hundred Dollars," and that the sale price of $50.00 paid by the purchaser at the judicial sale was grossly inadequate as a matter of law, and that "as a matter of law there should be judgment for the defendants because of such grossly inadequate consideration."

The substance of the jury's finding is that the land did not not sell for a grossly inadequate consideration. Since there is evidence to support the finding it is final in view of the Court of Civil Appeals holding on this point.

■ The second reason defendants allege why the trial court should have instructed a verdict in their favor is that the evidence is to the effect that the notice of sale was published in the Malakoff News, which, while it had a general circulation in a portion of the county in which the land was located, did not have a general circulation in that particular section of the county in which it is located.

■ It is not contended that the newspaper in which the notice was published was not published in Henderson County in which the land is situated. The Court of Civil Appeals correctly holds that the law does not require that the paper shall have a general circulation in the particular locality in the county where the land is situated. Art. 3808, R. S. 1925.

■ The third reason alleged is that Article 3808 R. S. 1925, makes it mandatory that an officer levying on real estate for the purpose of sale shall give the defendants named in the judgment personal notice or notice by mail, and that the evidence shows as a matter of law he did not do so. Defendants

contend that the uncontradicted evidence shows that the officer who handled the transaction mailed the notice to the defendants at an incorrect address.

This contention is overruled.

Mrs. Saylors and the other defendants testified they did not receive a copy of the notice. The officer who handled the matter, who is presumed to have done his official duty, testified in effect that he had no independent memory as to the matter; that he attended to it some four years prior to the time he was testifying; that he uniformly made inquiry to ascertain the post office addresses of the parties and mailed the notices accordingly; also that the return address was on the envelopes, and they were not returned. His testimony in response to the question as to whom and where he mailed the notices, follows:

"I don't remember now off hand. That has been four years ago. In my return I mailed three notices. I mailed them to who they were directed to—in those things—I don't remember. Where did you mail them to? A. I don't know that. Q. Do you know the post office? A. No. I always ask who gives me the order of sale where the post office is on those things and mail them out to them. I don't remember now. Q. You don't have any record at all, where you mailed them to? A. No, sir. Q. Well is it your opinion that you mailed them to Murchison, or not? A. Well I imagine I did mail - - - Q. Where did Jack Saylors live? A. He lived down there between Murchison and Brownsboro somewhere."

The copy of the return order filed by the court shows on its face among other things that he mailed "to each of the within named defendants a copy of said notice of sale."

It appears from what has been stated that the evidence, at most, raised only a question of fact. The trial court did not err in submitting the issue raised. Defendants contend, however, that the trial court erred in submitting the issue conditionally, that is, in instructing the jury to answer it only in the event it answered the preceding issue affirmatively.

No such objection,—in fact no objection of any kind to the charge was offered prior to its submission to the jury, which is consistent with defendants' theory that the court should have instructed a verdict in their favor. There was no error in submitting the issue. The contention is also overruled.

■ We may add that the writ of error was granted under the view that the evidence conclusively showed, as alleged in the application, that the officer executing the order of sale mailed the notices of sale to the wrong address.

We are not to be understood as holding, however, that even if it had been conclusively established that the officer mailed the notices to an incorrect address it would be a sufficient ground for setting aside either the judicial sale in question or the sheriff's deed executed pursuant thereto. We may add further in this connection that defendants did not plead in the trial court any failure on the part of the officer to mail notices to defendants. The pleaded complaint was with respect to the publication of the notice in the Malakoff News. Nor did defendants plead a tender of any kind on their part other than a conditional tender, conditioned upon the trial court's "entering judgment passing full title to the lands in question to these defendants, that is all surface title to the land, all lease rights to the land, and all mineral rights to the land." This conditional tender was made in the face of the fact that the holder of the encumbrance upon the land above referred to was not a party to the suit.

No error on the part of the Court of Civil Appeals having been pointed out, its judgment, affirming that of the trial court, is affirmed.

Opinion adopted by the Supreme Court May 22, 1940.

Rehearing overruled September 25, 1940.