## COX et al. v. WHEELER et ux.

### No. 5774.

Court of Civil Appeals of Texas. Texarkana.

April 3, 1941.

Dorbandt & Dorbandt, of Tyler, for appellants.

Israel Smith, of Tyler, for appellees.

HALL, Justice.

The following statement by appellants of the nature and result of this cause, agreed to by appellees, is:

"This appeal is by the purchaser at a Sheriff's Sale from the granting of motion of the lien debtor to set aside the sale made under an Order of Sale in the suit in which the motion was filed.

"On September 1, 1938, J. L. Bailey, Sr., by his Attorney, W. R. Castle of Smith County, filed suit in the Special District Court against Gabriel and Fannie Wheeler to recover Sixty Five ($65.00) Dollars due on a note, with interest and attorney's fees, and to foreclose a Deed of Trust Lien securing said note on Lot 4 and the north one-half of Lot 5, Galloway Addition to the City of Tyler, same being a part of Block 449, City of Tyler. Citation was issued the same day, and defendants, Gabriel Wheeler and Fannie Wheeler, were served with Citation on the 1st day of September, 1938, and on the 2nd day of September, 1938.

"On November 8, 1938, Judgment by Default was rendered for the sum of Eighty Six and 77/100 (86.77) Dollars and costs and for a foreclosure of a Deed of Trust Lien against Lot 4 and the north one-half of Lot 5 of Block 1, Galloway Addition to the City of Tyler.

"On December 30, 1938, an Order of Sale was issued upon such judgment ordering the proper officers to seize and sell 'Lot 4 and the north one-half of Lot 5 in Block 1, Galloway Addition to the City of Tyler, according to plat of said Addition of record in Vol. 101, Page 9, Deed Records, Smith County, Texas.' Said Order of Sale was placed in the hands of the Sheriff of Smith County on December 31, 1938, and executed the 2nd day of January, 1939, by levying on the land described in the Order of Sale. The Notice of Sale was properly published by the Sheriff in The Tyler Journal, a newspaper published in Smith County, and a copy of said Notice was mailed to each of the defendants as required by law.

"On February 7, 1939, at a regular judicial sale as advertised, the Sheriff struck off the property to Thomas F. Cox, the highest bidder, for the sum of One Hundred Fifty Five ($155.00) Dollars and upon payment of the bid, executed his Deed to said Cox for same.

"Mr. Cox later conveyed by a Warranty Deed the property to M. H. Lindell, but Lindell filed his pleading in the case stating that he claimed no greater right than Cox had under the Sheriff's Deed, thereby admitting that he purchased after the suit was filed with notice of same.

"The Court granted the motion to set the sale aside, and from such Order this appeal is taken."

As shown by appellant's 1st and 4th propositions, their principal contention is that the trial court committed reversible error in setting aside the sheriff's sale of appellees' property, because there was neither pleading nor proof to sustain the court's action. This trial was to the court without a jury, and at the request of the appellants, findings of fact and conclusions of law were filed. Among other findings of fact by the court are the following:

"The property at the time of sale was reasonably worth $1000.

"The defendants, Gabriel Wheeler and wife were neither present at the sale by the Sheriff, and had no one representing them at the time in the matter, and did not know the sale was made at the time. Gabriel

Wheeler is an old, ignorant Negro, without any knowledge or experience in court matters.

"On March 29th, 1939, Gabriel Wheeler, through an attorney, filed his motion to set aside the sheriff's sale for inadequacy of sale price and irregularities, etc., and service of the motion was had on Thomas F. Cox, the matter being set down for hearing by the court. Upon the hearing it developed that after the sale Thomas F. Cox made a conveyance to one M. H. Lindell, and counsel for Cox in court declined to give the attorney for Wheeler the whereabouts of Lindell, and the matter was passed to make parties and Lindell was cited by publication.

"On October 25th, 1939, the matter came up for hearing, and an answer had been filed in the name of Lindell, and counsel for respondents stated to the court in open court that Lindell had only such interest in the property by such deed to him as Cox had, by which the court was made to understand that there was no bona fide sale to Lindell by Cox. No other counsel appeared for Lindell, although other counsel's name was signed to his answer. From all of the circumstances in the case it was apparent to the court that both Cox and Lindell were purchasers in name only.

"When the motion to set aside the sheriff's sale and deed was filed, Gabriel Wheeler tendered the amount for which the property was sold, which was refused, and this tender was continued at all times and at all times refused, the tender including all costs and interest on the money. The deed from Cox to Lindell was made and filed for record after the motion and notice of it was had by the attorney appearing for Cox.

"The property sold for a wholly inadequate price."

Based upon these findings, the court concluded that: " * * * because of inadequacy of price and the other matters of irregularity in the buying, transferring, delaying in furnishing the information as to whereabouts of Lindell, etc., that the sheriff's sale and deed thereunder and deed of transfer from the named purchaser, etc., all furnish such a situation that the court should set aside the sale and these deeds, upon payment by Wheeler of the amount with interest and costs."

We have carefully examined the record herein, and have concluded that it amply supports the findings of fact and conclusions of law filed by the trial court. In reaching this conclusion we have taken the view most favorable to appellees. Anderson v. Smith, Tex.Civ.App., 231 S.W. 142, writ refused. It is the rule in this State that inadequacy of price alone, unless so disproportionate to the true value of the property as to shock the conscience, is not sufficient to set aside a regular judicial sale. Taul v. Wright, 45 Tex. 388; Moore v. Miller, Tex.Civ.App., 155 S.W. 573, writ refused. It is also a rule of equity in this State that inadequacy of price alone will furnish sufficient grounds for a court of equity to set aside a judicial sale when it appears, as in this case, that the debtor made prompt offer to pay off the indebtedness together with all costs incurred. Judge Fly in the well-considered case of Moore v. Miller [155 S.W. 576], supra, stated: "Appellees tendered into court a sufficient sum to pay off the judgment of the justice's court, interest, and costs; and it has been held that where inadequacy of price stands alone, and the defendant makes a prompt offer to pay off the indebtedness, equity will set aside the sale." Citing Martin v. Anderson, 4 Tex. Civ.App. 111, 23 S.W. 290; Steffens v. Jackson, 16 Tex.Civ.App. 28, 41 S.W. 520. See also Saylors v. Wood, Tex.Civ.App., 120 S.W.2d 835, affirmed by Commission of Appeals, 135 Tex. 267, 140 S.W.2d 164. The court below found, upon sufficient evidence, that "the property sold for a wholly inadequate price" and provided that the deed from the sheriff to Thomas F. Cox and the deed from Cox to M. H. Lindell be set aside "upon the condition that Gabriel Wheeler and wife, Fannie Wheeler, pay to the Clerk of this Court, all costs involved in this cause and a sum sufficient, in addition to that sum of money now held by the Clerk of this Court to the credit of Gabriel Wheeler and wife, Fannie Wheeler, to make the sum of One Hundred Fifty Five and no/100 ($155.00) Dollars, with interest at the rate of 6% per annum from the date of said sale, being February 7, 1938, such payment to be made within twenty (20) days from the date of this judgment." As shown further by the findings of fact, the appellees were old Negroes, ignorant, unlearned in the law, and with no knowledge of their rights and duties with respect to the sale of this property.

We have concluded that the judgment entered by the trial court is supported by the facts of this case. By its terms the

appellants lose nothing—they get the money they paid for this property, together with legal interest thereon, all court costs incurred, and the old Negroes get their property back. The able district judge trying this case heard the witnesses testify, saw their demeanor, had a right to and did take into consideration all the circumstances appearing at the trial, and entered what appears to us the only just and equitable judgment between the parties.

The judgment of the trial court is in all things affirmed.