RED JACKET MANUFACTURING COMPANY et al., Appellants,

v.

Phil M. ADAMS, Assignee, Appellee.

No. 5447.

Court of Civil Appeals of Texas.

El Paso.

May 10, 1961.

Rehearing Denied June 7, 1961.

Perkins, Bezoni, Kirwan & McWhorter, Thomas O. McWhorter, Midland, for appellants.

Stubbeman, McRae, Sealy & Laughlin, Milton L. Bankston; W. B. Browder, Jr., Midland, for appellee.

ABBOTT, Justice.

This was a suit by the assignee, appellee, for the benefit of the creditors of Allison Supply Company, Inc., against Red Jacket Manufacturing Company and its trustee, under a deed of trust in favor of appellant, seeking permanently to enjoin the appellant from proceeding with the sale of the property under the deed of trust; and, further, to hold said deed of trust to be null and void, and for other relief. Judgment was entered against appellants, enjoining them from proceeding with the sale of said property, and setting aside the deed of trust, holding it for nought, canceled and annulled. From this judgment appellant has brought this appeal, and is properly before this court.

The facts show that Allison Supply Company was in financial straits in the latter part of 1958, and that one of the creditors, Red Jacket Manufacturing Company, prevailed upon them to secure a past due account with a note secured by a second lien deed of trust on a piece of Allison's property, on January 10, 1959. On March 21, 1959, a meeting of creditors of Allison Supply Company was held in Midland, Texas. This meeting was called to ascertain if something could be worked out with the creditors so that Allison could remain in business. It developed that, in addition to the aforementioned deed of trust in favor of Red Jacket, the Midland National Bank had applied Allison's bank account to a past-due note held by it. At least some of

the creditors refused to go along with the assignment for the benefit of the creditors unless both Red Jacket and Midland National Bank released their secured position to the assignee, the alternative being bankruptcy, which would have forced both Red Jacket and the bank to release their preferred positions, both having obtained their positions prior to the lapse of 120 days, as required by the bankruptcy laws. A telephone call was placed to an officer of the Red Jacket Company and, while he did not have the authority to act, he stated that he believed that his company could "go along" with the proposition. There is some conflict in the evidence here, but the trial court found, in its Findings of Fact, that Red Jacket "orally agreed with the creditors on March 21, 1959, in the creditors' meeting, to release its deed of trust and preferred claim, in consideration of the creditors not filing the petition in bankruptcy against the Allison Supply Company, Inc." The record further shows that Red Jacket did execute such a release and forwarded it to its attorney in Midland; however, it was not filed of record. The Midland National Bank returned the funds it had taken to the assignee. The trial court found "Red Jacket Manufacturing Co. did not indicate that it was not going to comply with its agreement with the creditors to release the deed of trust until after 120 days from the date of its execution, when it was too late for the filing of the involuntary petition in bankruptcy that would result in setting aside the deed of trust of Red Jacket as an unlawful preference."

Red Jacket informed the assignee, on July 23, 1959 (more than 120 days after the execution of the deed of trust) that it would not comply with any release agreement. As a result this suit was brought by the assignee, resulting in the judgment noted above.

Appellant has brought nine assignments of error, subdivided into numerous parts. Point One complains that any alleged agreement to release the deed of trust, not being evidenced by a memorandum in writing, is unenforceable under the statute of frauds. Point Two charges the trial court erred in entering judgment, because no valid or binding agreement was ever entered into. Point Three charges error in that the trial court admitted into evidence an undelivered release. Point Four complains that the trial court erred in entering judgment on any theory of estoppel, as necessary elements were not proven. Point Five charges error in holding defendant's deed of trust was not based on valuable consideration. Point Six raises the question of ruling on evidence to the prejudice of appellant. Points Seven and Eight allege that the trial court erred in its Findings of Fact and Conclusions of Law, in some twenty-seven particulars. Point Nine is an accumulation of the foregoing points, charging either no evidence or insufficient evidence.

We believe that all assignments of error can be discussed together. The law in Texas has long been that a vendor's lien *can* be released by an oral agreement: Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582, 584. The Supreme Court stated, in the above case:

"It is not important to determine whether or not a vendor's lien may be released by verbal agreement; but, if that question is presented by the facts of the case, we agree with the Court of Civil Appeals that such lien may be released by verbal agreement."

In the same case, in the opinion of the Court of Civil Appeals (130 S.W. 1028, at page 1031), the language being approved by the Supreme Court, it was said:

"Such release by the holder of the note is not such a contract respecting the sale and transfer of real estate as renders it obnoxious to the statute of frauds or to any other rule of law affecting such sales and transfers."

With the above case in mind, the whole question raised by the first three points of error can be reduced to a ques-

tion of whether or not the telephone conversation between the parties, and the subsequent release sent to Red Jacket's attorney with instructions not to file same, were such conditions as to estop later enforcement of the deed of trust lien. The party alleging estoppel has the burden of proving the facts which give rise to estoppel or responsibility on the part of his opponent. He must establish that he will suffer loss or injury if his plea of estoppel is not sustained, and that he acted in reliance on the defendant's representations, or without knowledge or notice of the facts.

"Before an estoppel can arise as a matter of law, there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference." 17 Tex.Jur., Estoppel, Sec. 16, p. 147, and the cited cases.

The Supreme Court cited the above in Gulbenkian et al. v. Penn, 151 Tex. 412, and at page 418, 252 S.W.2d 929, at page 932, laid down these rules of equitable estoppel:

1. "In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts;

2. "it must have been made with knowledge, actual or constructive, of the fact;

3. "the party to whom it was made must have been without knowledge or the means of knowledge of the real facts;

4. "it must have been made with the intention that it should be acted on;

5. "and the party to whom it was made must have relied on or acted on it to his prejudice" (Citing 31 C.J.S. Estoppel § 67, p. 254).

The trial court, in its Findings of Fact, has answered each of the above requirements in favor of the appellee. The appellate court's function is to determine if there is sufficient evidence to support such findings. In the case at bar, there is evidence to support a finding of concealment of material facts—that is, that the release had been executed and sent to appellant's attorney, but was not to be filed; that it was made with knowledge of the fact; that such concealment, by silence, was made without knowledge or the means of knowledge of the real facts; it was made with the intention that it should be acted upon, that is, the assignment for the benefit of creditors; and the parties (that is, the creditors in the case) relied on and acted to their prejudice, in that it was testified that the creditors would receive more under the assignment than under bankruptcy.

■ The trial court having found these facts, and the facts being supported by evidence in the record, we find that appellant was estopped as to the foreclosure of his deed of trust lien.

We do not believe that Point Five, raised by appellant, is germane to the results in this case, in that the trial court found the deed of trust was taken by Red Jacket to defeat, delay and defraud the creditors, and to give a preference to said company over other creditors. We believe this would make moot the question of consideration for the deed.

■ Assignment of Error No. Six raises the question of the admissibility of certain evidence. This case was heard before the court without a jury, and the appellate court must assume that the trial court considered such evidence as was admissible.

Points Seven, Eight and Nine are to the Findings of Fact and Conclusions of Law, as found by the trial court in some thirty-one particulars. We have carefully considered all of these points and, while some may be in error, those which support the judgment are supported by the evidence,

and we can find no merit in discussing the others.

The assignments of error of appellants are overruled, and the judgment of the trial court is affirmed.