**Tommy COLLUM, Appellant,**

v.

**Jessie DeLOUGHTER, Appellee.**

No. 8337.

Court of Civil Appeals of Texas, Texarkana.

March 16, 1976.

Rehearing Denied April 13, 1976.

Michael V. Killough, Killough & Killough, Dallas, for appellant.

Roger Turner, Dallas, for appellee.

CORNELIUS, Justice.

The opinion heretofore issued in this cause is withdrawn and the following is substituted therefor. This suit was by Jessie DeLoughter to set aside a sale under

execution. The writ of execution was issued upon a judgment obtained by S. A. Meazelle against DeLoughter for $870.00 plus interest, cost and attorney's fees, all totaling $1,840.10. The writ was levied upon two lots in the City of Dallas. Tommy Collum, a stranger to the judgment, purchased the lots for $2,000.00 at the Sheriff's sale.

The trial court, sitting without a jury, found and concluded that: (1) the property description in the published notice of sale inverted the block designations—that is, the property was described as Lot 3, *Blk. 7183/33* (2007 Chalk Hill) and Lot No. 2 *Blk. 7183/33* (2015 Chalk Hill) rather than Lot 3, *Blk. 33/7183* and Lot 2, *Blk. 33/7183* which was the correct description, (2) the notice mailed to DeLoughter was sent by ordinary mail whereas registered mail was required by Tex.R.Civ.P. 647 as modified by Rule 21a, (3) the notice was addressed to DeLoughter at an address in Irving where he had not resided for almost a year, (4) DeLoughter was not notified personally of the sale and did not receive the written notice until nine days after the sale, and (5) the Sheriff did not give DeLoughter an opportunity to designate property which he desired be levied upon first, as required by Tex.R.Civ.P. 637. It was stipulated that the actual market value of the lots was $13,500.00. Based upon these facts and conclusions and the further fact that DeLoughter tendered into court the sum of $2,000.00 as restitution to Collum, the trial court entered its judgment setting aside the sale and awarding Collum the $2,000.00 together with $350.00 attorney's fees and all costs.

Collum contends that the facts found by the trial court do not constitute such irregularities as authorize the sale to be avoided. He asserts that the notice required by Tex. R.Civ.P. 647 is perfected by mailing alone, and it is not necessary that the mail be registered or that the judgment debtor actually receive the notice. DeLoughter's address was not listed in the telephone directory, and the address used was that shown for him on the tax rolls of the county. The

evidence was in conflict as to whether the property description in the notice of sale was sufficient to enable a person of ordinary prudence to locate the property. DeLoughter testified that had he been given an opportunity to point out property to the Sheriff he would have designated the unimproved one of the lots in question, which he contended was of sufficient value to satisfy the judgment.

■ An execution sale will be set aside upon proof that it was made for a grossly inadequate price and was accompanied by irregularities which tended to contribute to the inadequacy of price. 24 Tex.Jur.2d, Executions, Sec. 137, p. 608, Sec. 138, pp. 609, 610 and cases there cited; *Pantaze v. Slocum*, 518 S.W.2d 407 (Tex.Civ.App. Fort Worth 1974, no writ); *Rio Delta Land Company v. Johnson*, 475 S.W.2d 346 (Tex.Civ. App. Corpus Christi 1971, writ ref'd n. r. e.).

■ An inversion of the lot and block numbers in the notice of sale may or may not be an irregularity, depending upon the adverse effect, if any, it would have on an ordinary person's ability to locate the property. Here the trial court found such inversion was an irregularity and there is evidence to support such finding.

■ The failure to send the notice by registered mail was also an irregularity. Tex.R.Civ.P. 647 requires the officer making the levy to ". . . give the defendant . . . written notice of such sale, either in person or *by mail* . . .". But Tex.R.Civ.P. 21a, adopted subsequent to Rule 647, provides that:

> "Every notice required by *these rules* . . . except as *otherwise expressly provided* in these rules . . . may be served . . . either in person or by *registered mail* . . . The provisions hereof relating to the method of service of notice are *cumulative of all other methods of service* prescribed by these rules."

Therefore, the specific language of Rule 21a imposes the requirement of registered mail upon the general provisions for "mail" in Rule 647.

Under the circumstances shown in this record, we have concluded that the addressing of the notice to DeLoughter at the address shown for him on the tax rolls, and the fact that he was not notified personally of the sale did not constitute irregularities. But the failure of the officer to make any attempt to give DeLoughter an opportunity to designate property, as required by Tex.R.Civ.P. 637, was an irregularity. *Pantaze v. Slocum*, supra.

Standing alone, none of these irregularities would be sufficient to justify setting aside the sale, but together with an inadequate price paid for the property, and the trial court's presumed finding that these irregularities were calculated to and did contribute to such inadequacy of price, they are sufficient to avoid the sale. See Tex.R.Civ.P. 299 and *Nance v. Currey*, 257 S.W.2d 847 (Tex.Civ.App. Dallas 1953, no writ).

Moreover, it is settled that inadequacy of price, standing alone, is sufficient to justify a court of equity in setting aside the sale when the judgment debtor makes a prompt offer to make the purchaser whole by returning his investment in the property and paying all costs. *Prudential Corporation v. Bazaman*, 512 S.W.2d 85 (Tex.Civ. App. Corpus Christi 1974, no writ); *Cox v. Wheeler*, 150 S.W.2d 159 (Tex.Civ.App. Texarkana 1941, no writ); *Saylors v. Wood*, 120 S.W.2d 835 (Tex.Civ.App. El Paso 1938), aff'd, 140 S.W.2d 164 (Tex.1940); *Moore v. Miller*, 155 S.W. 573 (Tex.Civ.App. San Antonio 1913, writ ref'd); *Steffens v. Jackson*, 16 Tex.Civ.App. 28, 41 S.W. 520 (1897, writ ref'd); *Martin v. Anderson*, 4 Tex.Civ.App. 111, 23 S.W. 290 (1893, no writ). There was certainly such an inadequacy of price here as to justify the application of these equitable principles. The market value of the property was stipulated to be $13,500.00. The price paid was $2,000.00 which was less than 15% of that value. Although Collum contends that he actually paid $4,743.04 for the property since it had $2,743.04 in tax liens and assessments against it, the stipulation agreed that the "*actual* cash market value" of the property was $13,500.00.

Whether the encumbrances were considered in arriving at this agreed value is not shown, but when for the purposes of the trial the parties have stipulated that the actual cash market value of property is a certain amount, neither the trial court nor we can go behind that stipulation and speculate that because of other considerations the value is actually less than that stipulated. It is to be presumed that the figure is a net one; that is, that all factors affecting its value have been considered in arriving at the stipulated figure.

The sale was on October 1, 1974. Suit was filed on October 23, 1974. On November 15, 1974 DeLoughter tendered into court the price Collum paid for the property. Such a tender was consistent with the requirements in cases of this kind. *Prudential Corporation v. Bazaman*, supra; *Moore v. Miller*, supra. The judgment awarded Collum the sum so tendered, together with attorney's fees and his costs. Under these circumstances equity was done and the judgment should be affirmed.

It is so ordered.