Lipscomb', J.
The plaintiff in error assigns the following errors, on which he claims a reversal of the judgment of the court hclow :
1st. In sustaining exceptionsto the defendant’s pleas.
2d. In permitting the promissory note alleged to be given for the land to go to the jury as full proof of a contract for laud as required by the statute of frauds?
3d. In permitting oral testimony of facts, which must, legally, exist in writing.
, 4th. In declining to give the charge asked, and in giving the charge excepted to by the defendant’s counsel.
We do not propose to consider the errors assigned in the order in which they have been presented, but will examine the second, third, and fourth, together, as they all relate to the parol evidence received on the trial of the case hn.be court below. It appears from the record that there was no other evidence of a contract of sale of the laud from Simpson to Farmer but parol proof. There was no written evidence of the contract of sale produced, nor its existence shown, and its non-production accounted, for. The object in part sought in the suit was the enforcement of the vendor’s lien on the land. The lien, in such cases, is an incident growing out of the sale and dependent on it. If there lias been no sale, there could be no lien accruing; and if there had been a sale, it must be proven; and any other but written evidence of such sale would not be admissible under the statute of frauds. (Hart. Dig., art. 1431.) If the bond to make title had been in evidence by its production, or its contents admitted or proven, in the event of the defendant failing on- notice to produce it, or had it been lost or destroyed, then it would liave been competent for the plaintiff to have proved by parol that the note was given for the purchase-money of the land. The court below erred then in permitting tiie promissory note and the parol evidence of the sale of the land to go to the jury as sufficient evidence of such sale.
The only other error assigned to be considered is the rejection of two of the pleas offered by the defendant in the court below. The first of the rejected pleas presented the judgment against the defendant in the garnishee process as the debtor of the plaintiff at the suit of Austin. That this judgment was not a complete defense to the action, is doubtless true; but if it had been paid by the defendant it would have entitled him to a credit for the amount so paid, and it would liave been equivalent to a payment to the plaintiff of so much. But even before satisfaction of the judgment on the garnishment it was well pleaded, if not as a full defense, yet it was necessary to the defendant’s protection and security in the final decree. The judgment against the garnishee, so long as it remained unsatisfied, was no bar to Austin’s making his money out of the plaintiff on his judgment against him, and therefore the defendant was not entitled to have the credit against Simpson, the plaintiff. But his position was such as entitled him to protection against having two judgments in full effect and operation against him for the same demand's. If he satisfied both, it would be paying a part of the same debt twice; and such is the condition the judgment and 'decree of the court below has left him in. Simpson, the plaintiff, lias a judgment and a decree of sale against him for the full amount of the debt, whilst there is an unsatisfied judgment against him in favor of Austin for a part of the same debt. The decree should liave protected the defendant Farmer, by decreeing that the proceeds of the land to be sold should bo first applied to the payment of Austin’s" judgment: that after that, was satisfied, the balance to the payment of the sum diie to the plaintiff Simpson, after deducting from Simpson’s demand the amount paid to Austin.
' The second plea of the defendant, rejected by the court, was, that “ the conduct of tiie plaintiff in becoming a bidder at the sale, when the land on which lie claims a vendor’s lien was offered for sálelo satisfy Austin’s judgment. amounted to a waiver of tiie lien on the laud.” If tiie judgment Austin liad against the defendant Farmer liad not been based on the one ha *155 had against Simpson, but on the defendant’s own individual and personal liability, and a third person, not knowing the existence of Simpson’s lien on the land as vendor, had purchased, the fact that Simpson, the vendor, liad bid at the sale without making it known that he had a lien as vendor on the laud, in a contest between the purchaser and Simpson, it might well have been contended that the lien had been lost. But it is not perceived in what possible form the defendant could set up a waiver of the lien. Simpson,' no doubt, became a bidder under the impression that if the land should be sold at a sacrifice he would have no other means to collect the balance of his debt from the defendant Farmer, and for his bidding off the land and not paying his bid. he ought to be held as a security that the land should sell for as much as his bid ■ at a second sale, and such would have been our direction had we not perceived from the record that the bid would not much, if any, exceed the amount to be paid to Austin before anything could be applied to pay the balance due to himself from the defendant Farmer. If. Simpson, however, had paid bis bid, the land would have been gone from the defendant Farmer, and only live hundred dollars of the debt to Simpson paid. He therefore has no right to complain if the land should be ordered to a second sale, when it is likely, under the advance in the price of land, it will sell for a great deal more than the amount bid at the former attempt to sell it.
Note 55.—Westmoreland v. Miller, 8 T., 168; Miller v. Taylor, 14 T., 538; Iglehart v. Moore, 21 T., 501.
Note50.—Shepperd v. White, 11 T., 346; Monroe v. Buchanan, 27 T., 241; McCreery v. Fortson, 35 T., 641; Burford v. Rosenfield, 37 T., 42; Batts & Dean v. Scott, 37 T., 59.
But it was contended that the land having- been levied on and bid off, although not paid for, was equivalent to a sale, and as the sheriff was in default, and Simpson in default, and Austin had not prosecuted his claim, that the land thereby being freed from all previous liens, the homestead would he protected from a forced sale. We cannot perceive the strength of such reasoning. If Austin had insisted on the payment by the sheriff of his debt, and it should be held that lie was liable to him for it in consequence of his not sidling the land, it would not have placed the defendant in a better condition. The land would not revert to him, but it would inure to the sheriff after paying the amount bid. Austin, however, is not before the court asking anything, and his claim would not have been noticed at all if it had not become necessary to do so for the protection of Farmer. The issue raised on the alleged exemption of the homestead from a forced salo was submitted to a jury, and they found the homestead subject to a forced sale. From the facts stated we have no reason to disturb their verdict. A homestead is not acquired within the meaning of the law until title to the land on which such homestead is established lias been acquired, or at any rate until the party is in condition to demand title; and all liens acquired before the homestead has been established must be raised, or it will be subject to a forced sale for satisfaction of such liens. The claimant oE the homestead had no title, find conld not demand title under the bond until his vendor liad been paid. The judgment must be reversed for the errors previously noticed, and the cause remanded.
Judgment reversed.