**INTERTEX, INC., Appellant,**

v.

**Richard and Pamela WALTON, and Constable George Larkin, Appellees.**

No. A14–84–882–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1985.

Rehearing Denied Oct. 10, 1985.

Harriet Hubacker, Houston, for appellant.

Jerry L. Schutza of Parks & Moss, William E. Satterwhite, Jr., Billy E. Lee, Asst. Co. Atty., Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the cancellation of a Constable's Deed obtained as a result of a judicial foreclosure sale. We affirm the judgment of the trial court.

Appellees, the Waltons, defaulted on payments on a promissory note held by First Southern Properties covering real property which was the Waltons' residence at all times during the litigation. It was sold at a trustee's sale. The Waltons filed suit against First Southern Properties to set aside the Trustee's Deed. In 1980 judgment was rendered setting aside the deed and awarding $1,854.95 plus interest, the balance due on the note, to First Southern Properties. If such amount was not paid within six months, the judgment was to be enforced by the seizure and sale of the property. The judgment was not signed, however, until October 18, 1982. The Waltons failed to pay the amount, and First Southern Properties proceeded with enforcement of the judgment.

A statement of facts had not been filed, and on January 24, 1985 this court denied Appellant's motion to extend time to file the statement of facts. *Intertex, Inc. v. Walton*, 683 S.W.2d 599 (Tex.App.—Houston [14th Dist.] 1985). Therefore, we must rely on the Amended Findings of Fact filed by the trial court. They state that on February 2, 1984, a Writ of Execution and Order of Sale was issued. The office of Appellee, Constable Larkin, mailed written notice of the sale to the Waltons' correct address but with an incorrect zip code. The notice was sent in an official envelope by first class mail but was not sent by registered or certified mail with return receipt requested. The trial court found that it was never returned to Constable Larkin's office, and the Waltons did not receive the

mailed notice of the sale prior to April 3, 1984.

On April 3, Constable Larkin sold the property to Appellant, Intertex, for $2,800 subject to a first lien of $11,000. Among the Amended Filings of Fact was that prior to its purchase, Appellant Intertex had no notice that the constable had used an incorrect zip code. On April 11, the Constable sent a letter to the Waltons stating that the property had been sold and requesting possession. The Waltons sued to set aside the Constable's Deed without tendering any money to the purchaser prior to filing the suit. They sought injunctive relief to block their ouster and cited as defendants Constable Larkin, First Southern Properties, Intertex and its president.

The court also stated in its findings that the Waltons did not at any time tender cash to satisfy the lien secured by the subject property due to failure of communication between the attorneys for the Waltons and First Southern Properties, and they never tendered all or any part of the purchaser's attorney's fees or interest on the sum paid by the purchaser at the sale. They did pay $2,800 into the court registry on April 27.

The Waltons claim they notified Appellant's president that they had not received notice of the sale and offered him $2,800 in return for a Special Warranty deed. He refused the offer. There is evidence that they negotiated for some time concerning a settled amount but failed to agree.

Intertex and its president answered the Waltons' petition and cross-acted against Constable Larkin for damages. It also counterclaimed against the Waltons for damages in the amount of the purchase price plus accrued interest and all costs, plus attorney's fees necessary to enforce the judgment of the court and on appeal. The Waltons then amended their petition, seeking damages for pain and suffering and punitive and exemplary damages from all the defendants. Later they amended again and sought greater damages and dropped Southern Properties as a defendant. Constable Larkin answered the petition and crossaction by asserting Art.

3799a TEX.REV.CIV.STAT. and official immunity and good faith reliance on the advice of the County Attorney concerning the required notice for a judicial sale.

Following a bench trial, the court found that the constable had failed to give proper statutory notice and set aside the sale. It also found that the $2,800 purchase price together with the amount of indebtedness was grossly inadequate. The conveyance was set aside. The court ordered that the Waltons take nothing against the defendants. On April 27, 1984, the Waltons paid $2,800 into the court registry. Subsequently they paid the costs of court and obtained the special warranty deed that had previously been deposited into the court registry by Appellant.

Appellant presents four points of error on appeal. The first three are directed solely at the Waltons. The fourth involves only Constable Larkin. In the first and second points, Appellant claims the trial court erred in cancelling the deed because the Waltons did not tender the purchase price timely to Appellant and because it did not require them to make Appellant whole as a condition precedent to cancelling the deed.

Where the judgment debtor tendered into court the price paid at the execution sale within forty-five days, such tender was sufficiently prompt to permit application of the doctrine that inadequacy of price is sufficient to justify a court of equity's setting aside the execution sale when the judgment debtor promptly offered to make the purchaser whole by re-paying the purchase price and all costs. *Collum v. De Loughter*, 535 S.W.2d 390, 393 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.). The trial court's findings include the fact that the Waltons did not tender the purchase price prior to filing the suit because the attorney for Intertex would not agree to a price. The Waltons paid the $2,800 into the court registry within twenty-four days of the date of the sale but never tendered the interest, as the matter was not the subject of negotiation between the parties.

Appellant concedes that *Collum* is applicable in an "ordinary execution" but argues that the instant situation is not an "ordinary execution" because a judicially foreclosed lien with specifically identifiable property is involved. It contends that a creditor with a judicially foreclosed lien should be better protected than a creditor with a non-judicial lien. Thus, it argues, the debtor has no absolute right to redeem because the debtor must show irregularities in the sale which were calculated to cause a grossly inadequate sales price in order to have a right of redemption. It cites *Sparkman v. McWhirter*, 263 S.W.2d 832 (Tex.Civ.App.—Dallas 1954, writ ref'd) and *Jackson v. O'Connor*, 96 S.W.2d 803 (Tex.Civ.App.—El Paso 1936, no writ) for this proposition. It is true that in both these cases, it was held that a party must show an irregularity which was calculated to affect the sale and a grossly inadequate price in order to have the sale set aside. These two cases are not necessarily inconsistent with *Collum* and its predecessors. However, assuming arguendo that the law is precisely that which is stated in *Sparkman* and *Jackson*, there is sufficient evidence of irregularities which, taken together with the finding of a grossly inadequate sales price, justify the setting aside of the sale. *See Collum.* As stated above the Waltons did not receive proper notice, and the zip code was incorrect. The trial court found that the subject real property had a fair market value of $55,000, the Waltons owed a first lien of $11,000 and the purchase price was $2,800. This totals $41,200 less than fair market value.

TEX.R.CIV.P. 309 states:

> Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and .... that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment....

The rule makes no distinction between kinds of execution sales. An execution is a process by which the judgments of the courts are enforced. TEX.R.CIV.P. 621. In the judgment dated October 18, 1982, the trial judge ordered the seizure and sale of the Waltons' property "the same as under execution and satisfaction of this Judgment."

The fact that Appellant is unable to cite any authority for its arguments concerning a specified time, amount and mode of tender of the purchase price, and any additional costs, is but one factor in our holding that the sale was correctly set aside. The Waltons did not pay interest on the sum paid because it was not a subject of negotiation between the parties. They did not tender the purchase price to Appellant because there was no final agreement as to price. The Waltons did not tender any part of the attorney's fees incurred by Intertex because negotiations between them on that subject failed also. These facts do not show that Appellees "failed to do equity" in such a way that the cancellation of the deed obtained by Intertex was the result of trial court error. The Waltons promptly offered to make Intertex whole. Following the breakdown in those negotiations, they tendered the purchase price into the court registry within forty-five days of the sale, as set forth in *Collum*. We overrule the first and second points of error.

In the third point of error, Appellant argues that the trial court erred in not awarding attorney's fees under TEX.REV. CIV.STAT.ANN. art. 3827a(e) (Vernon Supp.1985). In its Amended Conclusions of Law, the trial court stated that this article does not apply to a purchaser at a voidable judicial foreclosure sale. The article provides a means whereby a judgment creditor may receive the aid of the court in satisfying his judgment from a judgment debtor who owns property which cannot be attached readily or levied on by ordinary legal process.

Appellant cites *Jasper State Bank v. Braswell*, 130 Tex. 549, 111 S.W.2d 1079

(1938) as authority that the purchaser at a void or voidable foreclosure sale is equitably subrogated to the rights of the creditor. *Jasper* and other cases on this point state that the purchaser is subrogated to the rights of the mortgagee or creditor to the extent of the purchase money paid at the foreclosure sale or the money expended in removing the incumberance from the property such that the purchaser could acquire possession of it. *See Browne v. King,* 111 Tex. 330, 336, 235 S.W. 522, 523–524 (1921); *Bradford v. Knowles,* 86 Tex. 505, 25 S.W. 1117, 1118 (1894); *Northcraft v. Oliver,* 74 Tex. 162, 11 S.W. 1121, 1122 (1889); *Whitney v. Krapf,* 8 Tex.Civ.App. 304, 27 S.W. 843, 845 (1894, no writ). Appellant's interpretation that these cases provide for subrogation to the right to collect attorney's fees is incorrect.

■ The trial court here correctly held that Article 3827a does not apply to a purchaser at a voidable foreclosure sale. The express terms of the statute do not provide for subrogation of a purchaser to the rights of a judgment creditor to collect attorney's fees in the situation covered by that article.

Additionally, where Appellant fails to file a statement of facts in the appellate record, the reviewing court must presume that the evidence was sufficient to support the trial court's findings of fact and conclusions of law. *Alexander v. Barlow,* 671 S.W.2d 531, 535 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *In Interest of Galliher,* 546 S.W.2d 665, 666 (Tex.Civ.App.—Beaumont 1977, no writ). Here this court denied Appellant's motion to extend the time to file a Statement of Facts because the request was untimely. Therefore, we presume that the evidence in the record was sufficient to support the trial court's finding of fact that the Waltons did not tender all or any part of the purchaser's attorney's fees due to failure of negotiation. The Waltons claim in their brief that there was no testimony at trial that the creditor, First Southern Properties, had incurred any expenses or attorney's fees other than the $2,800 it received as a result of the execution sale. We overrule the third point of error.

In the fourth point of error, Appellant claims the trial court erred in not awarding damages against Constable Larkin. The trial court found that the constable sent the notice to the Waltons by regular mail and failed to put the correct zip code on it. The incorrect zip code constituted an irregularity in law. TEX.R.CIV.P. 21a and 647 require a constable to send notice of a sale by certified or registered mail. Failure to do so is also an irregularity under the law. Appellant argues the constable's failures caused it to lose not only title to the property, but also the profit it could have made. Whether or not a purchaser at a void foreclosure sale can recover damages for lost profits from the one who held the sale is a question of first impression in Texas. Appellant seeks damages equal to its lost profits or, in the alternative, the costs it incurred in the sale, including attorney's fees, to protect its investment. Appellant posits a number of legal theories under which it might recover damages against the constable. These theories include recovery for negligence under TEX.REV. CIV.STAT.ANN. arts. 3819 and 2287, for fraud under TEX.BUS. & COM.CODE ANN. § 27.01, or for common law fraud.

TEX.REV.CIV.STAT.ANN. art. 3799a, § 1 (Vernon Supp.1985) provides that, except as otherwise provided, an officer is not liable for damages resulting from the execution of a writ issued by a Texas court if he executes it as provided by law in good faith and uses reasonable diligence in performing his official duties.

■ The trial court ruled that neither plaintiff should recover against Constable Larkin. As stated above, when a Statement of Facts has not been filed, it must be presumed that sufficient evidence was introduced to support the findings of the trial court and its judgment and every presumption must be indulged in favor of the judgment. *Phillips v. American General Insurance,* 376 S.W.2d 808, 810 (Tex.Civ.App.—Amarillo 1964, no writ); *McPherson v. Black,* 346 S.W.2d 615, 616 (Tex.Civ.App.—

Waco 1961, writ ref'd n.r.e.). Thus we must presume that there was sufficient evidence that the constable acted in good faith and with diligence in carrying out his duties. The fourth ground of error is overruled.

The judgment of the trial court is affirmed.