**KUO KUNG KO, Appellant,**

v.

**Debbie PIN YA CHIN a/k/a Pin Ya Sieh, (Real Party In Interest, Constable Victor Trevino), Appellee.**

No. 14–95–00919–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1996.

Kenneth L. Rothey, Bob Mabry, Houston, for appellant.

Joe F. Wheat, Frank E. Sanders, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

This appeal is from the denial of a "Motion to Collect Judgment from Officer for Failure to Levy Upon and Sell Property Subject to Execution." Appellant, Kuo Kung Ko, asserts that the trial court erred (1) by denying appellant's Motion to Collect Judgment from the constable, (2) by not making findings of fact, and (3) by not finding that the constable failed to use due diligence in executing on property. We affirm.

### FACTUAL & PROCEDURAL BACKGROUND

On June 11, 1993, appellant obtained a default judgment against Debbie Pin Ya Chin in the amount of $12,000 in actual damages and $100,000 in exemplary damages. On August 17, 1993, Kenneth Rothey, appellant's lawyer, delivered a writ of execution to appellee, Constable Victor Trevino. On August 18, 1993, Deputy Ramirez from appellee's office went to Debbie Pin Ya Chin's Restaurant Supply Company to execute the writ on all of Chin's interest in the business. Chin informed Deputy Ramirez that he would have to talk to her lawyer about the property. Joe Wheat, Chin's attorney arrived and informed the deputy that the property was tied up in probate. Ramirez then left without executing on the property and stated that he would check out Wheat's claims. After leaving the property, Deputy Ramirez began to feel very ill and admitted himself to the hospital where he remained for several days. In the meantime, on the afternoon of August 18, Wheat filed a Uniform Commercial Code statement listing himself as a secured party on all the equipment which rendered the property exempt from execution in this case.

Neither Ramirez nor any other constable attempted on August 18 to verify Wheat's statements, nor did any constable with appellee's office ever execute the writ. Appellant was never able to levy on any property at the restaurant. Consequently, appellant filed the Motion to Collect Judgment which the

trial court denied. On April 24, 1995, on appellant's motion, the trial court severed the case against the constable from the original case against Chin. Appellant then appealed.

Execution is governed by rule and statute.[1] Rule 637 imposes a duty on the sheriff to "proceed without delay to levy ... upon the property of the defendant found within his county not exempt from execution." Tex. R.Civ.P. 637. If the sheriff fails or refuses to execute upon the debtor's non-exempt property the Civil Practice and Remedies Code provides sanctions:

> If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken place, the officer and his sureties are liable to the party entitled to receive the money collected on execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the party filed with the court that issued the writ, following five days' notice to the officer and his sureties.

Tex.Civ.Prac. & Rem.Code Ann. § 34.065 (Vernon 1990).

In appellant's first point of error, he alleges the trial court erred in denying the Motion to Collect Judgment because the appellee's agent, Deputy Ramirez, saw assets, but failed to execute on them immediately. We have already mentioned some of the facts pertaining to this issue. In addition, appellant points us to testimony his lawyer, Rothey, gave at the hearing on the Motion to Collect Judgment. He delivered the writ to appellee along with a copy of an assumed name certificate showing Debbie Pin Ya Chin to be the owner of the company where the property subject to execution was located. Rothey also testified that he told appellee's office that he had documents evidencing Chin's ownership of the property upon which the writ was to be executed. In addition, when he learned that the writ was not executed because the deputy was told that the property was tied up in probate, Rothey confirmed through records of the probate court that the matter had been closed for

approximately a year and provided certified copies of these records to appellee.

■ When a judgment creditor asks that the constable be liable for non-execution, he or she must plead a prima facie case alleging (1) an execution based on a valid judgment issued and delivered to the sheriff, (2) property of the debtor subject to execution in the county where the sheriff had the writ, (3) failure of the sheriff to seize the non-exempt property, and (4) an unsatisfied judgment. *Hickey v. Couchman,* 797 S.W.2d 103, 107 (Tex.App.—Corpus Christi 1990, writ denied) (citing *Henry S. Miller, Co. v. Evans,* 452 S.W.2d 426 (Tex.1970)). Once a prima facie case has been pled, the burden then shifts to the sheriff to disprove an element of the plaintiff's case or prove one of several defenses of mitigation such as proof that the fair market value of the property was less than the underlying judgment. *Hickey* 797 S.W.2d at 108.

■ In addition to the mitigation defenses, section 7.003 of the Texas Civil Practice and Remedies Code provides several other defenses to such a suit.

(a) Except as provided by Section 34.061, an officer is not liable for damages resulting from the execution of a writ by a court of this state if the officer:

(1) in good faith executes the writ as provided by law and by the Texas Rules of Civil Procedure; and

(2) uses reasonable diligence in performing his official duties.

(b) An officer shall execute a writ issued by a court of this state without requiring that bond be posted for the indemnification of the officer.

Tex.Civ.Prac. & Rem.Code Ann. § 7.003 (Vernon 1990). A sheriff may defend an action in execution by proving that the debtor's assets are exempt or that he exercised due diligence. *Hickey,* 797 S.W.2d at 107 (citing *Cobbs v. Coleman,* 14 Tex. 594 (1855)); *Underwood v. Russell,* 4 Tex. 175 (1849).

---

**1.** The rules governing execution are Tex.R.Civ.P. 621–656 (Vernon 1987). The statutes concerning the duties and liabilities of the executing officer are found at Tex.Civ.Prac. & Rem.Code Ann. §§ 34.061–34.067 (Vernon 1990).

■ The facts we have recited support a conclusion that appellee exercised reasonable diligence in attempting to execute the writ of execution. He went to the property to execute the writ the day after the constable received the writ. He did not execute the writ, but only because he received assurances from the judgment debtor's lawyer—an officer of the court—that the probate matter was still pending. This behavior does not constitute a failure to exercise reasonable diligence to execute. Furthermore, the only reason the constable was not able to execute later is because the judgment debtor's lawyer filed a U.C.C. statement claiming a security interest in the property, thereby precluding its sale.

This case is factually distinguishable from those cases appellant cites in which the sheriff was deemed to have failed to exercise due diligence in executing a writ. For instance, in *Hickey,* 797 S.W.2d at 106, the sheriff attempted to execute a writ three days after receiving it, but did not execute because the debtor told the sheriff he had filed bankruptcy. Upon returning to the office, the sheriff learned the same day that the debtor had not filed bankruptcy and that a sale of the debtor's property was taking place. The sheriff did not attempt to stop the sale or take any further action. The debtor did file bankruptcy but not until more than three months after the sheriff received the writ. *Id.* at 107. The Corpus Christi Court of Appeals held that the sheriff willfully and intentionally violated section 34.065 because when he learned that bankruptcy had not been filed and the debtor was selling his assets, he had a duty to execute immediately. *Id.* at 109.

In this case, the trial court stated on the record his opinion that the deputy exercised due diligence in attempting to execute the writ, and we find sufficient evidence to support that conclusion. Therefore, we overrule appellant's first point of error.

■ In appellant's second point of error, he alleges that the trial court erred in failing to make findings of fact and conclusions of law in regard to whether the deputy used "due diligence" in not executing on the property. Setting aside the issue of whether appellant is even *entitled* to findings of fact

and conclusions of law in this post-judgment proceeding, *see Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, no writ) and *Johnson v. J.W. Constr. Co.,* 717 S.W.2d 464, 468 (Tex.App.—Fort Worth 1986, no writ), when the record affirmatively shows that the complaining party suffered no injury, we need not presume that harm has resulted when the trial court failed to prepare findings of fact and conclusions of law. TEX.R.CIV.P. 296, 297; *Joseph v. Joseph,* 731 S.W.2d 597, 598 (Tex.App.—Houston [14th Dist.] 1987, no writ). Here, the record clearly shows why the court ruled as it did. In the proceedings below, there were only two issues—did the constable use due diligence and was there unencumbered property to levy on. Furthermore, no factual issues existed because the evidence pertinent to these issues was uncontradicted. Finally, the trial judge commented to the parties that he thought the deputy used due diligence and thought the property became encumbered when Wheat filed the U.C.C. statement the same afternoon of August 18. Thus, unlike other cases involving complex and/or disputed facts, appellant needed no guesswork to determine why the judge ruled as he did, and was told why the judge ruled as he did, and therefore, appellant was not harmed. We overrule appellant's second point of error.

■ In appellant's third point of error, he alleges that the trial court should have found a lack of due diligence on appellee's part because appellant's lawyer gave appellee an assumed name certificate evidencing Chin's ownership of the property. He claims that since appellee was armed with this information, he should have executed on the writ immediately, regardless of what the judgment debtor and his attorney told appellee.

As we have already stated, the facts are sufficient to support the finding of the trial court. Deputy Ramirez attempted to execute the writ the day after the constable received it and was informed that the property was tied up in probate. There is no evidence the assumed name certificate provided by appellant would preclude the possibility that the property was subject to probate proceedings. Thus, Deputy Ramirez had a reasonable basis for delaying execution

until ownership could be determined. There was also evidence that on the afternoon of the attempted execution, Deputy Ramirez was hospitalized for two or three days. Before Deputy Rameriz had a reasonable opportunity to verify the ownership status of the property, the judgment debtor's attorney filed the U.C.C. statement preventing execution on the property. On this record, the trial court did not err in finding that appellee exercised due diligence in executing the writ. We overrule appellant's third point of error.

█ Finally, in his fourth point of error appellant claims that appellee should be held liable for the judgment because he should have required appellant to post an indemnity bond if he had doubts about who owned the property. Section 7.003(b) of the Civil Practice and Remedies Code states that an officer shall execute a writ issued by a court without requiring the posting of an indemnity bond. TEX.CIV.PRAC. & REM.CODE ANN. § 7.003(b) (Vernon 1986). The case law appellant relies on to claim otherwise was written before Section 7.003(b) of the Civil Practice and Remedies Code was enacted. *See, e.g., Rankin v. Belvin,* 507 S.W.2d 908, 911 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). We overrule appellant's fourth point of error.

The ruling of the trial court is affirmed.