**Constable A.B. CHAMBERS and Deputy Constable Darren Francis, Appellants,**

v.

**Andre HORNSBY, Ethel Hornsby, Aaron McGilbrida, and Kelhin Faroag, Appellees.**

No. 14–99–00790–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 30, 2000.

Michael R. Hull, Houston, for appellants.

John E. Sherman, Houston, for appellees.

Panel consists of Chief Justice MURPHY, and Justices HUDSON and WITTIG.

## MAJORITY OPINION

PAUL C. MURPHY, Chief Justice.

Constable A.B. Chambers and Deputy Constable Darren Francis appeal from the denial of a summary judgment in the lawsuit filed by Andre Hornsby, Ethel Hornsby, Aaron McGilbrida, and Kehlin Faroag for damages and declaratory and injunctive relief. Because the uncontroverted evidence shows that appellants performed their duties in good faith and with reasonable diligence, we reverse the trial court decision and grant judgment in favor of appellants.

On April 22, 1998, a writ of execution was filed in the offices of Constable Chambers. The writ, issued on April 17, 1998, out of the 328th District Court in Fort Bend County, recited that a judgment was taken against Andre Hornsby in the amount of $3,000 plus interest at the time of execution. The writ showed two ad-

dresses for Andre Hornsby, both in Houston, 2520 Calumet and 2522 Calumet. The evidence shows that Andre Hornsby lives with his wife, Ethel Hornsby, at 2522 Calumet, a property they own. The Hornsbys also own 2520 Calumet, which they lease to Faroag and McGilbrida.

To execute on 2520 Calumet, Constable Chambers' staff took three steps to provide notice of sale: First, the property was advertised in the "Daily Court Review" for a period of three weeks. Second, the proposed sale was posted in three separate places in Harris County at least twenty days before the sale. Third, written notice of sale was sent to Andre Hornsby at 2522 Calumet and at 2520 Calumet. The evidence includes a receipt for certified mail sent to Mr. Andre Jose Hornsby at 2522 Calumet with no return receipt, that is, no "green card," and a returned certified mail envelope, apparently unopened, addressed to "Mr. Andre Jose Hornsby" at 2520 Calumet.

The 2520 Calumet property was sold on July 7, 1998, at the Harris County Family Law Center in Houston. Elbar Investments, Inc., purchased the property and was presented with a Deed Under Writ of Execution by Deputy Constable Francis in the name of Constable Chambers.

Andre Hornsby alleges he received no notice of the sale. On September 10, 1998, appellees sued Elbar Investments and appellants, alleging that notice was improperly sent to 2520 Calumet instead of 2522 Calumet, where Andre and Ethel Hornsby live. McGilbrida and Faroag, who live at 2520 Calumet and who apparently are being evicted by Elbar Investments, are suing for the loss of the enjoyment of the property.

Appellants moved for summary judgment on grounds of official immunity, alleging both absolute judicial immunity and immunity based on section 7.003 of the Civil Practices and Remedies Code. TEX. CIV.PRAC. & REM.CODE ANN. § 7.003 (Vernon 1986). After the trial court denied their summary judgment motion, they appealed

pursuant to section 51.014 of the Civil Practices and Remedies Code. TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon 1997).

 When we review a grant of summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, we take as true proof favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). A trial court should grant a defendant's motion for summary judgment if the defendant establishes all the elements of an affirmative defense as a matter of law. *See id.* A claim of official immunity is an affirmative defense. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). A summary judgment may be based on the uncontroverted proof of an interested witness or expert witness if the evidence is clear, positive, and direct, otherwise credible and free from contradiction and inconsistencies, and could have been readily controverted. *See Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986).

In connection with the sale of real estate under execution, the selling officer must publish the notice of sale for three consecutive weeks in the newspaper, or post notice of the sale in three public places in the county, one of which must be the courthouse door if notice by publication cannot be effected. *See* TEX.R.CIV.P. 647. The officer also must provide sale notice either by mail or in person to the judgment debtor or his attorney. *See id.* The officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer: (1) in good faith executes the writ as provided by law and by the Texas Rules of Civil Procedure; and (2) uses reasonable diligence in performing

his official duties. *See* § 7.003(a) (Vernon 1986).

Here, Barbara Meloncon, the person responsible in Constable Chambers's office for mailing notices of constable sales, stated in an affidavit that she sent the notice to both 2522 Calumet, the Hornsbys' residence, and 2520 Calumet. The notice to 2520 Calumet was returned, apparently unopened, and the green receipt acknowledgment from 2522 Calumet was never returned to the constable's office. Andre Hornsby stated in an affidavit that he never received the sale notice.

The proof includes an affidavit from Captain Cecil Lacy, in the office of Harris County Constable Dick Moore, Precinct 4, which provides, in part, as follows:

In my position as Captain, I am in charge of executions of civil processes. I have been involved in the execution of civil processes for approximately 14 years, have taught courses on this subject and written course textbooks on executions. I have in my career handled several thousand executions involving real estate.

I have reviewed the notices sent out in this lawsuit. These notices are the same notices we send out in executions involving this office. The fact that we do not receive a green card or a returned envelope for every notice we send out would not cause us to postpone a scheduled sale of real estate. It is very common for green cars to get lost in the mail or to come back after the sell [sic] has taken place. Based on my experience the personnel in Constable Chambers were acting as reasonably prudent officers would have acted in carrying out their duties and were acting in good faith and with reasonable diligence.

Appellees do not controvert this proof but argue only that questions of good faith and reasonable diligence are fact questions.

■ To prove that the officers acted in good faith, we rely on the test set out by the Supreme Court in *City of Lancaster v. Chambers,* 883 S.W.2d 650, as modified for the facts at issue, *see Rhodes v. Torres,* 901 S.W.2d 794 (Tex.App.—Houston [14th Dist.] 1995, no writ). Like the Dallas court in *Richardson v. Parker,* 903 S.W.2d 801 (Tex.App.—Dallas 1995, no writ), we see no reason to adopt a different standard for "good faith" when dealing with section 7.003 than when dealing with other settings. *See Chambers,* 883 S.W.2d at 656; *Rhodes,* 901 S.W.2d at 798. Using such a test we would find that the officers acted in good faith in proceeding with the sale in the absence of the green card if a reasonably prudent officer, under the same or similar circumstances, could have believed that proceeding with the sale was lawful in light of clearly established law and the information possessed by the officers at the time they proceeded with the sale. *See Rhodes,* 901 S.W.2d at 798. Proof of negligence does not preclude a finding of good faith. *See id.* at 801 n. 3. Appellees could controvert this proof by showing that no reasonable person in the constables' position could have thought the facts were such that they justified the acts. *See id.* at 800. Lacy's affidavit offers clear proof that appellants acted in good faith when they proceeded with the sale in the absence of the green receipt. Appellees do not controvert the proof.

As for "reasonable diligence," the statute does not define the term. This court has found that a deputy exercised reasonable diligence, under section 7.003, in attempting to execute a writ where the deputy went to the property the day after receiving the writ, and the only reason he did not execute the writ was due to assurances from the judgment debtor's attorney that the probate matter was still pending. *See Kuo Kung Ko v. Pin Ya Chin,* 934 S.W.2d 839, 842 (Tex.App.—Houston [14th Dist.] 1996, no writ). The deputy was unable to execute later after the judgment debtor's attorney filed a Uniform Commercial Code statement claiming a security interest in the property. *See id.* This

court also turned back a legal sufficiency challenge to a trial court's implied finding of good faith and reasonable diligence where the deputy sent notice by regular mail rather than by registered or certified mail, as required, and used the incorrect zip code. *See Intertex, Inc. v.. Walton,* 698 S.W.2d 707, 711–12 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (construing predecessor of § 7.003).

Here, the constables were under some pressure to effect the sale. *See* TEX. R.CIV.P. 637 (officer shall proceed without delay to levy execution); TEX.CIV.PRAC. & REM.CODEANN. § 34.065 (Vernon 1997) (officer who fails or refuses to levy on or sell property liable to party entitled to receive money collected in execution). We find that Lacy's affidavit detailing the officers' actions and offering an opinion that such actions were reasonably diligent constitutes legally sufficient proof of reasonable diligence, which was not controverted by appellees.

Appellants, having proved all elements of their defense without controversion, are entitled to summary judgment on grounds of official immunity based on section 7.003. We need not discuss judicial immunity. The trial court erred in not granting summary judgment to appellants. We reverse the trial court's judgment and render judgment in favor of appellants, who are immune from suit based on official immunity.

WITTIG, Justice, concurring and dissenting.

I concur with the majority's analysis of good faith, but disagree with its holding concerning "reasonable diligence." First the majority does not seem to analyze the diligence issue under the proper standard of review. Because this is an appeal of an order denying summary judgment, all the evidence favorable to the nonmovant must taken as true and we must make *all reasonable inferences* in his favor. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999) (emphasis added). Stated otherwise, appellant must establish his entitlement to summary judgment as a matter of law and eliminate every material fact issue. *See Nixon v. Mr. Property Management Co.* 690 S.W.2d 546, 548 (Tex. 1985).

Appellee established for summary judgment purposes he did not receive notice. TEX.R. CIV. P. 647 requires that officer making the levy "shall give the defendant ... written notice of such sale, either in person or by mail." According to the summary judgment proof, this did not occur. The reasonable diligence standard must be measured against the requirement of the rule, what a reasonable and prudent officer would do, and of course due process.

Presumably the deputy was executing in his own precinct. Given his obligation, and "pressure" to proceed without delay, the deputy was explicitly authorized to hand deliver a notice. However the fact that one of the notices sent by the officer was returned without being opened and the second notice produced no green card, there is at least an inference that the officer may not have acted with reasonable diligence. This is corroborated by the claim no notice was received. Taken in the light most favorable to the non-movant, I do not see how we can hold in this instance "reasonable diligence" has been established as a matter of law.

The two authorities cited by the majority are not summary judgment cases. Both *Kuo Kung Ko* and*Intertex, Inc.* involved cases tried to the court without a jury and without findings of fact. Our court found sufficient evidence in both cases to support implied findings of fact. This case is not a sufficiency review and neither case stands for the implied proposition that the deputy's conduct there was "reasonably diligent" *as a matter of law.* At best, both *Kuo Kung Ko* and *Intertex, Inc.* merely confirm legal or factual sufficiency.

I would hold that "reasonable diligence" is ordinarily as question of fact. When the officer's proof of notice is equivocal and

the non-movant says he received no notice, the fact finder should make that determination. I would affirm the denial of the summary judgment by the trial court.