NUMBER
13-01-837-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

PATE & PATE ENTERPRISES

INC.,                                                                                 Appellant,

 

                                                   v.

 

SOUTHLAND CONTRACTING, INC.                                      Appellee.

 

     On appeal from the
105th District Court of Nueces County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez                                

 

Appellant, Pate
& Pate Enterprises, Inc. (APate & Pate@), brings this
appeal following the trial court=s confirmation
of an arbitrator=s award in
favor of appellee, Southland Contracting, Inc. (ASouthland@). 
We affirm.

Facts








Originally,
Southland sued Pate & Pate for breach of contract and other causes of
action arising from a construction subcontract between the two parties.  The substantive issues in the suit were
arbitrated pursuant to the underlying contract. 
On July 18, 2001, the arbitrator entered an award in favor of Southland
for the principal sum due, unpaid retainage, interest, attorney=s fees, and
expenses.

On September 4,
forty-eight days after the award, Southland filed a motion seeking confirmation
of the award and attorney=s fees in
connection with the motion.  Pate &
Pate filed a response, but did not move to vacate, correct, or modify the
award.  After a telephone hearing on the
motion on September 17, sixty-one days after the award, the trial court signed
an order confirming the award and assigning Southland $500 in attorney=s fees related
to the motion to confirm.

Pate & Pate
filed a timely request for findings of fact and conclusions of law.  Later, it filed a timely motion for new trial
asking the court to allow ninety days after the award in which to file a motion
to vacate the award.  However, nowhere in
the motion for new trial did Pate & Pate ask that the award be vacated,
corrected, or modified.  After receiving
no order from the court regarding the motion for new trial or request for
findings and conclusions, Pate & Pate filed a notice of past due findings
of fact and conclusions of law.  The
court never filed such findings and conclusions, and the motion for new trial
was overruled by operation of law.  This
appeal ensued.

Analysis








By its first
point of error, Pate & Pate contends that the trial court=s failure to
file findings and conclusions regarding confirmation of the arbitrator=s award harmed
its prosecution of this appeal because it has been deprived of the reason
supporting the ruling.  We disagree.

First, the
civil practice and remedies code provides, A[u]nless
grounds are offered for vacating, modifying, or correcting an award under
Section 171.088 or 171.091, the court, on application of a party, shall
confirm the award.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.087
(Vernon Supp. 2002) (emphasis added). 
Here, Pate & Pate did not offer grounds for vacating, modifying, or
correcting the award.  Therefore, after
Southland filed its motion to confirm the award and that motion went
unchallenged, the court was directed by the above-quoted statute to confirm the
award.  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.087
(Vernon Supp. 2002).  By failing to offer
grounds for vacating, modifying, or correcting the award, appellant waived any
opportunity to challenge the basis for the trial court=s decision.

Second, when Aappellant
needed no guesswork to determine why the [court] ruled as [it] did,@ and the facts
are undisputed, as is the situation here, appellant could not have been harmed
by the trial court=s failure to
file findings and conclusions.  Kuo
Kong Ko v. Pin Ya Chin, 934 S.W.2d 839, 842 (Tex. App.BHouston [14th
Dist.] 1996, no writ).

For these
reasons, we conclude (1) appellant did not need to guess why the court did not
grant its request for findings and conclusions,  and (2) appellant was not harmed by
the court=s failure to
file findings and conclusions.  Pate
& Pate=s first point
of error is overruled.

By its second
point of error, appellant contends that the trial court should not have
confirmed the arbitration award prior to the expiration of ninety days after a
copy of the award was delivered to the appellant.  Again, we disagree.








Pate & Pate
cites section 171.088 of the civil practices and remedies code, which states, A[a] party must
make an application [to vacate the arbitration award] under this section not
later than the 90th day after the date of delivery of a copy of the award to
the applicant.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.088(b)
(Vernon Supp. 2002).  Pate & Pate
argues that sections 171.087 and 171.088, when read together, require that
either party wait ninety days before applying to confirm the arbitration
award.  This argument was rejected in City
of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515 (Tex. App.BHouston [1st
Dist.] 1994, writ denied).  There, the
motion to confirm the award was filed five days after the award was
signed.  Id.  The appellant in that case filed an objection
on the basis that the motion was premature and sought to have the award
vacated.  Id.  In rejecting the argument that the request
for confirmation was premature, the court of appeals cited the following
language from the second circuit:

[N]otice of a
motion to vacate an award must be served within three months after the award is
filed or delivered, but there is nothing in such requirement to suggest that
the winning party must refrain during that period from exercising the privilege
. . . to move Aat any time@ within the
year [to confirm the award].

 

. . .   As we understand the statute, a motion to
confirm puts the other party to [its] objections.

 

Id. (regarding
provisions of the Federal Arbitration Act similar to those in the Texas General
Arbitration Act) (citing The Hartbridge, 57 F.2d 672, 673 (2d Cir.
1932), cert. denied, 288 U.S. 601 (1933)).  We agree with this analysis and hold that
sections 171.087 and 171.088 do not require Southland to wait ninety days to
move for confirmation of the award.  Tex. Civ. Prac. & Rem. Code Ann. '' 171.087,
171.088 (Vernon Supp. 2002).  Pate &
Pate=s second point
of error is overruled.








By its third
point of error, Pate & Pate contends the trial court should not have
awarded Southland attorney=s fees in
connection with the motion to confirm. 
We disagree.  A court=s award of
attorney=s fees will not
be overturned unless it constitutes an abuse of discretion.  See Edwin M. Jones Oil Co. v. Pend Oreille
Oil & Gas Co., 794 S.W.2d 442, 449 (Tex. App.BCorpus Christi
1990, writ denied) (in context of declaratory judgment action).  Here, the contract between the parties states
that Athe prevailing
party shall recover from the other reasonable attorneys [sic] fees . . . in
connection with . . . any arbitration.@  Accordingly, the arbitrator included an
amount for attorney=s fees and
expenses in the total award.  Texas
courts recognize that A[c]onfirmation
of an arbitration award is part and parcel of the arbitration process.@  Kline v. O=Quinn, 874 S.W.2d
776, 784 (Tex. App.BHouston [14th Dist.] 1994, writ denied)
(supp. op. on reh=g).  In view of the parties= agreement that
the prevailing party recover attorney=s fees in connection
with arbitration and that confirmation of the award is part of the arbitration
process, we hold that the trial court properly granted attorney=s fees to
appellee in connection with the motion to confirm.  See id.  Pate & Pate=s third point of error is overruled.

We have considered all
of appellant=s arguments, and they
are all overruled.  The trial court=s judgment is affirmed. 

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and filed this the

14th day of
Novmber, 2002.