

NUMBER 13-15-00055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROSE CRAGO,                                                                                      Appellant,

v.

JIM KAELIN,                                                                                          Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant Rose Crago sued appellee Jim Kaelin, the Nueces County Sheriff, alleging that Kaelin improperly failed to seize certain real property pursuant to a lawfully-issued writ of execution. The trial court granted summary judgment in favor of Kaelin, and Crago contends on appeal that the trial court erred. We reverse and remand.

## I. BACKGROUND

In 2007, Crago obtained a judgment against David Crago ("David") in the amount of $120,000 plus interest and costs. Crago then requested that the trial court clerk issue a writ of execution on certain Nueces County real property owned by David. The writ of execution was issued by the clerk on January 5, 2012 and was delivered to Kaelin on January 23, 2012. Crago alleged in her original petition, filed on January 31, 2014, that the subject property was accessible to Kaelin, was not exempt, and was subject to execution, but that Kaelin nevertheless refused to seize the property, and that the judgment remains unsatisfied. Crago alleged that Kaelin was liable, in his official capacity as sheriff, for damages under the civil practice and remedies code and local government code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065(a) (West, Westlaw through 2015 R.S.); TEX. LOC. GOV'T CODE ANN. § 85.021(a), (d) (West, Westlaw through 2015 R.S.).

Kaelin answered the suit and filed a motion for summary judgment on both no-evidence and traditional grounds. The no-evidence portion of the motion alleged that "there is no evidence that the property to be levied on was subject to execution; that the officer failed or refused to levy under the writ; that Plaintiff, as judgment creditor in the other suit, identified property for Defendant that was subject to execution; or that Plaintiff suffered any damages from the alleged failure to levy under writ."

The traditional portion of Kaelin's motion was supported by an affidavit by a Nueces County Sheriff's deputy stating that, according to her examination of the Nueces County Appraisal District's public records, the property at issue, though owned by David, was subject to a homestead designation. The affidavit further stated: "It is the policy of the Nueces County Sheriff's Office not to levy on property that has been designated as

2

homestead in the public records, absent a judicial determination that the real property is not, in fact, homestead, and is non-exempt." According to the affidavit, after determining that the property was subject to a homestead designation, the sheriff's office returned the writ "nulla bona." Kaelin's motion alleged that the foregoing evidence "conclusively disproves that: Plaintiff informed Defendant of property owned by judgment debtor subject to execution; Plaintiff suffered any actual damages as a result of Defendant's alleged failure to levy; or Defendant failed to return the writ of execution or filed a false return." The motion also alleged that the evidence conclusively established a good-faith defense under section 7.003 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 7.003(a) (West, Westlaw through 2015 R.S.). Finally, the motion alleged that section 85.021 of the local government code was inapplicable because that statute "addresses an officer's complete failure to return a process or a sheriff's false return."

Crago filed a response noting that David's designation of the subject property as a homestead took place several months after she filed an abstract of the 2007 judgment in the Nueces County public records. She argued that the homestead designation therefore did not render the property exempt from execution. *See Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987) ("[A] previously acquired lien, whether general or special, voluntary or involuntary, cannot be subsequently defeated by the voluntary act of a debtor in attempting to make property his homestead.") (quoting *Gage v. Neblett*, 57 Tex. 374, 378 (1882)); *see also* TEX. PROP. CODE ANN. § 52.001 (West, Westlaw through 2015 R.S.) (providing generally that an abstract of judgment, when recorded and indexed in the public records, "constitutes a lien

3

on and attaches to any real property of the defendant, other than real property exempt from seizure or forced sale . . . , that is located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing"). The only evidence attached to Crago's response was an affidavit by a real estate agent stating that the value of the subject property would have been $178,000 in 2012.

The trial court granted Kaelin's motion and dismissed Crago's suit. This appeal followed.

## II. Discussion

Crago argues by her two issues that the trial court erred in granting no-evidence and traditional summary judgment, respectively.

### A. Standard of Review

We review summary judgments de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Nalle Plastics Family L.P. v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). When the trial court does not specify the grounds for its ruling, as here, we must affirm the summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman*, 407 S.W.3d at 248.

In advancing a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157. An issue of fact is

raised if more than a mere scintilla of evidence is produced. *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion that the fact exists." *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010). Evidence is more than a scintilla if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011).

A motion for no-evidence summary judgment must establish that there is no evidence of at least one essential element of the plaintiff's cause of action. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). The burden of producing evidence is entirely on the plaintiff; the defendant has no burden to attach any evidence to the motion, and if the plaintiff produces evidence raising a genuine issue of material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i). All that is required of the plaintiff is to produce more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

B.    Applicable Law

"When an execution is delivered to an officer he shall proceed without delay to levy the same upon the property of the defendant found within his county not exempt from execution . . . ." TEX. R. CIV. P. 637. Under section 34.065 of the Texas Civil Practice and Remedies Code, an officer who receives a writ of execution may be held liable for the officer's failure or refusal to levy on or sell property pursuant to the writ. TEX. CIV. PRAC. & REM. CODE ANN. § 34.065(a). The statute provides: "If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken

5

place, the officer and the officer's sureties are liable to the party entitled to receive the money collected on execution only for actual damages suffered." *Id.* The judgment creditor seeking relief under section 34.065 has the burden to prove:

(1) the judgment creditor has a valid judgment against the judgment debtor;

(2) the writ of execution was issued to the judgment creditor;

(3) the writ was delivered to the officer;

(4) the judgment creditor's judgment was unpaid and unsatisfied;

(5) the property to be levied on was subject to execution;

(6) the officer failed or refused to levy under the writ; and

(7) the amount of actual damages suffered.

*Id.* § 34.065(b). Property is "subject to execution" for purposes of the statute "if the judgment creditor proves that the judgment debtor owned the property at issue, the property was accessible to the officer under the law, the property was situated in the officer's county, and the property was not exempt from execution." *Id.* § 34.065(c).

Texas Local Government Code section 85.021 provides that "[t]he sheriff shall execute all process and precepts directed to the sheriff by legal authority and shall return the process or precept to the proper court on or before the date the process or precept is returnable." TEX. LOC. GOV'T CODE ANN. § 85.021(a). Under the statute, the sheriff commits an offense, punishable by a fine of not more than $100, if the sheriff fails to return a process or precept as required by law, or files a false return. *Id.* § 85.021(b), (c). Further, "[t]he sheriff is liable for all damages sustained by a person by reason of an offense committed" under that statute. *Id.* § 85.021(d).

6

**C.    Analysis**

We first address Kaelin's no-evidence motion, in which he argued that there was no evidence (1) that the property at issue was "subject to execution," (2) that Crago "identified property . . . that was subject to execution," or (3) that Crago suffered damages.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065(b)(5), (7).

The issues each turn on whether Kaelin's office had the responsibility, under the circumstances of this case, to confirm the validity of the homestead designation before refusing to seize the property. Kaelin argues that it was not his "duty, or even within his authority, to determine that the [judgment] lien in this case is valid and when it attached to the property" because officers executing writs are not "tribunals to determine doubtful questions of fact." *See Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 433–34 (Tex. 1970) ("A sheriff is an officer of the court, under a duty to execute process, [and] is not a tribunal to determine doubtful questions of fact . . . .").

We disagree. There is no dispute that David applied for his homestead designation several months after Crago filed her abstract of judgment in the public records. Moreover, the summary judgment evidence established that Crago's counsel advised Kaelin of this fact at the time he wrote to Kaelin requesting that the subject property be seized.[2] Under well-settled law dating to the nineteenth century, "an encumbrance existing against

---

[1] Kaelin's no-evidence motion also argued that there was no evidence that Kaelin "failed or refused to levy under the writ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065(b)(6) (West, Westlaw through 2015 R.S.). But it is, in fact, undisputed that Kaelin "failed or refused to levy under the writ." Kaelin's defense is, instead, that this failure or refusal was justified because of the homestead designation.

[2] Kaelin's summary judgment evidence included a copy of the correspondence sent to the sheriff's office by Crago's counsel. The correspondence included copies of: (1) a 2007 application for homestead exemption filed by David pertaining to an unrelated property; (2) the abstract of judgment stating that it was filed in the public records on May 2, 2008; and (3) a 2009 application for homestead exemption filed by David pertaining to the subject property.

7

property cannot be affected by the subsequent impression of the homestead exception on the land." *Inwood N. Homeowners' Ass'n, Inc.*, 736 S.W.2d at 635 (citing *Farmer v. Simpson*, 6 Tex. 303, 310 (1851)). Accordingly, there was no "doubtful question[] of fact" regarding the validity of David's homestead designation—its invalidity was clear. In fact, in order to determine whether the homestead designation was valid, Kaelin's office was required to do no more thorough of an investigation than its policy currently calls for—i.e., an examination of the public records.[3] Such an examination would have revealed that the homestead designation was filed well after the abstract of judgment and was therefore invalid. *See id.*

Crago's counsel's advised Kaelin, in his letter requesting seizure of the property at issue, that the filing of the abstract of judgment preceded the filing of the homestead designation and that the property was therefore not exempt from execution. The letter included copies of the referenced instruments. This constituted more than a scintilla of evidence establishing that the property at issue was subject to execution. *See* TEX. CIV.

---

[3] Kaelin also argues that our memorandum opinion in *Condit v. Kaelin*, No. 13-11-00327-CV, 2012 WL 3525654 (Tex. App.—Corpus Christi Aug. 16, 2012, pet. denied) (mem. op.), is controlling because it involved "almost identical facts." We disagree. That case also involved a lawsuit alleging that Kaelin was liable for damages under section 34.065 for failing to seize property pursuant to a writ of execution. *Id.* at *1. Kaelin contended, as he does here, that the property at issue was subject to a homestead designation and was therefore exempt from seizure. *Id.* The plaintiff (who is Crago's current attorney) argued, as Crago does here, that the homestead designation was invalid. *Id.* We found that the trial court did not err in rendering judgment for Kaelin. *Id.* at *4. However, *Condit* is distinguishable from the instant case for two reasons. First, it was a review of a jury verdict, and we therefore reviewed the evidence "in a light most favorable to the judgment" as opposed to the more exacting summary judgment standard of review applicable here. *See id.* Second, the plaintiff in *Condit* argued that the homestead designation was invalid because the homeowner abandoned the property, not because the homeowner applied for the homestead exemption after the judgment lien was perfected. *Id.* at *2. Whether a homestead exemption has been lost due to abandonment is not apparent from the public records and is arguably a "doubtful question[] of fact" which sheriffs may not be called upon to determine. *See Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 433–34 (Tex. 1970). In any event, the plaintiff in *Condit* did not challenge the trial court's conclusion of law that Kaelin "had no legal duty to seek a judicial finding or to make a determination prior to execution of the writ that the property's homestead exemption had been lost due to abandonment." *Condit*, 2012 WL 3525654, at *5. Further, there was no evidence that the sheriff's office had ever been notified that the property at issue was allegedly abandoned. *Id.* at *2 n.4.

PRAC. & REM. CODE ANN. § 34.065(b)(5). Moreover, the letter, in combination with the affidavit establishing the fair market value of the property as of 2012, constituted more than a scintilla of evidence establishing "the amount of actual damages suffered" by Crego. *See id.* § 34.065(b)(7). This also constitutes more than a scintilla of evidence establishing that Kaelin filed a "false return" under section 85.021 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 85.021(b)(2). Accordingly, Kaelin was not entitled to no-evidence summary judgment as to either statutory claim. *See* TEX. R. CIV. P. 166a(i); *Forbes, Inc.*, 124 S.W.3d at 172.

We next address the traditional grounds for summary judgment. Kaelin argued in his motion that his summary judgment evidence "conclusively disprove[d]" Crago's claims that: (1) she informed Kaelin of property subject to execution; (2) she suffered damages; or (3) Kaelin failed to return the writ of execution or filed a false return. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.065(b)(5), (7); TEX. LOC. GOV'T CODE ANN. § 85.021(b). For the reasons set forth above, we disagree. Kaelin's summary judgment evidence established that the property at issue was subject to a homestead designation, but as we have already determined, that did not necessarily mean that the property was not subject to execution. And, although it is undisputed that Kaelin returned the writ, the writ was returned "nulla bona"; therefore, the return would constitute a "false return" if, in fact, the property at issue was subject to execution. *See* BLACK'S LAW DICTIONARY 1172 (9th ed. 2009) (defining "nulla bona" as "[a] form of return by a sheriff or constable upon an execution when the judgment debtor has no seizable property within the jurisdiction").

Kaelin further argued that he was entitled to traditional summary judgment because he conclusively established a good-faith defense under section 7.003 of the civil practice and remedies code. Section 7.003 provides:

(a)     Except as provided by Section 34.061[4], an officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer in good faith executes or attempts to execute the writ as provided by law and by the Texas Rules of Civil Procedure.

. . . .

(c)     An officer shows that the officer acted in good faith when the officer shows that a reasonably prudent officer, under the same or similar circumstances, could have believed that the officer's conduct was justified based on the information the officer possessed when the conduct occurred.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 7.003(a). On appeal, Kaelin points to *Kuo Kung Ko v. Pin Ya Chin*, 934 S.W.2d 839, 842 (Tex. App.—Houston [14th Dist.] 1996, no writ), where the Fourteenth Court of Appeals upheld the trial court's finding that a sheriff's deputy was entitled to a good-faith defense under 7.003. In that case, the sheriff's deputy failed to execute the writ "only because he received assurances from the judgment debtor's lawyer—an officer of the court—that the [underlying] probate matter was still pending." *Id.* Accordingly, the deputy was immune from liability under section 7.003. *Id.*

This case is distinguishable. First, *Kuo Kung Ko* involved an earlier version of the statute which required a showing that the officer "use[d] reasonable diligence in performing his official duties." *Id.* (citing Act of June 16, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3246 (amended 2007) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 7.003)). As noted, the current version of the statute employs a

---

4 Section 34.061 involves personal property and is not applicable here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.061 (West, Westlaw through 2015 R.S.).

10

different standard, requiring a showing that "a reasonably prudent officer, under the same or similar circumstances, could have believed that the officer's conduct was justified based on the information the officer possessed when the conduct occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 7.003(c). Second, the facts discussed in *Kuo Kung Ko* are not present in this case. In *Kuo Kung Ko*, the sheriff's deputy was advised by an officer of the court that the property sought to be seized was not subject to execution. 934 S.W.2d at 842. Accordingly, the sheriff's deputy was entitled to rely, in good faith, on the attorney's representations. *See id.* Here, on the other hand, there was no representation by an officer of the court, upon which Kaelin could have relied, indicating that the property at issue was exempt from execution. Instead, as shown by the summary judgment evidence, Kaelin was expressly advised by an officer of the court—Crago's counsel—that the property sought to be seized *was not* exempt from execution, notwithstanding the homestead designation. For the foregoing reasons, we find that Kaelin has not conclusively established his entitlement to a good-faith defense under section 7.002.

Because none of the grounds asserted by Kaelin in his summary judgment are meritorious, the trial court erred in granting the motion. Crago's issues are sustained.

### III. CONCLUSION

We reverse the trial court's summary judgment and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of October, 2015.